BOARD OF ASSESSORS OF MARLBOROUGH *vs.* COMMISSIONER OF REVENUE. April 9, 1981. The board of assessors of Marlborough (board) claims to be aggrieved by the action of the Commissioner of Revenue in determining the equalized valuation of its property subject to local taxation in an amount in excess of $125,000,000 beyond what the board claims is its total fair cash value. See G. L. c. 58, § 9, as amended by St. 1978, c. 514, § 40, and § 10A, as appearing in St. 1978, c. 514, § 42. The board appealed this determination to the Appellate Tax Board (A.T.B.). The appeal was mailed on June 18, 1980, under conditions of certified mail. The A.T.B. received it on June 23, 1980. The controlling statute, G. L. c. 58, § 10B, as most recently amended by St. 1979, c. 283, § 2, set forth in full in the margin,[1] requires that the town appeal on or before June 20.

The Commissioner responded to the appeal by filing a motion to dismiss on the ground of a tardy appeal. The A.T.B. allowed the motion. There was no error.

The clear import of § 10B is that the appeal must be made on or before June 20. See *Old Colony R.R.* v. *Assessors of Quincy,* 305 Mass. 509, 513-514 (1940). Cases cited by the board which equate timely mailing with service are totally inapposite because they were all decided under statutes or rules which recognize mailing as an appropriate vehicle for service. Section 10B is not such a statute. The appellate remedy is statutory, and therefore, the statute governs. *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489, 492 (1936). Accordingly, the A.T.B. had no jurisdiction to consider this appeal because of the late filing. Cf. *Assessors of Sandwich* v. *Commissioner of Revenue,* 382 Mass. 689 (1981). The decision of the Appellate Tax Board dismissing the plaintiff's appeal is affirmed.

*So ordered.*

*Kuson J. Haddad,* City Solicitor (*Aldo Cipriano,* Assistant City Solicitor, with him) for the plaintiff.

*Joan C. Stoddard,* Assistant Attorney General, for the defendant.

[1] General Laws c. 58, § 10B, provides: "On or before June twentieth next following, a city or town aggrieved by the equalized valuation established for it by the commissioner under sections nine and ten A may appeal the determination of the commissioner to the appellate tax board. The appellant shall have the burden of proving that the equalized valuation of such city or town is substantially different from the commissioner's determination. Every such appeal shall be decided by the board not later than December first of the year in which it is filed. If the board fails to act upon an appeal within said time, it shall be deemed to be a denial of such appeal. The decision of the board shall be final."