THE NATURE CHURCH *vs.* BOARD OF ASSESSORS OF BELCHERTOWN. December 11, 1981. This case is here on appeal from a decision of the Appellate Tax Board (board), refusing to grant the appellant an exemption from taxation for the fiscal year 1978 for certain real estate located in Belchertown. The board, after hearing the merits of the case, concluded that it had no jurisdiction to decide the matter. We find no error.

The defendant board of assessors denied the appellant's application for an abatement on December 19, 1977. The appellant received notice of the denial that same day. A party aggrieved by such a denial may seek review of the assessors' decision by filing an appeal with the board, within three calendar months of having received notice of the denial. G. L. c. 59, § 65. *Berkshire Gas Co.* v. *Assessors of Williamstown*, 361 Mass. 873 (1972). The board found that the appellant in this case filed its appeal petition on March 21, 1978. Despite the appellant's assertion to the contrary, we hold that the board's finding is supported by substantial evidence, specifically, a form acknowledging receipt of the appellant's appeal petition, marked with the date noted above. The board concluded that it lacked jurisdiction because the appellant had not prosecuted its appeal in accordance with statutory procedures. Cf. *Assessors of Marlborough* v. *Commissioner of Revenue*, 383 Mass. 876 (1981); *Assessors of Sandwich* v. *Commissioner of Revenue*, 382 Mass. 689 (1981); *Greeley* v. *Zoning Bd. of Appeals of Framingham*, 350 Mass. 549, 552 (1966); *Old Colony R.R.* v. *Assessors of Quincy*, 305 Mass. 509, 513 (1940).

The appellant now argues that it was not required to establish that its petition to the board had been filed in a timely manner because neither the defendant board of assessors nor the board raised the issue of timeliness prior to the hearing before the board. This argument is without merit. Since the remedy of abatement is created by statute, the board lacks jurisdiction over the subject matter of proceedings in which this remedy is sought where those proceedings are commenced at a later time or prosecuted in a different manner from that prescribed by statute. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 495 (1936). Courts and other adjudicatory bodies have both the power and the obligation to resolve problems of subject matter jurisdiction whenever they become apparent, regardless whether the issue is raised by the parties. *MacDonald* v. *Carr*, 355 Mass. 120, 122 (1969). *Commissioner of Corps. & Taxation* v. *Chilton Club*, 318 Mass. 285, 287 (1945). *Assessors of Boston* v. *Suffolk Law School, supra*. See *Attorney Gen.* v. *Baldwin*, 361 Mass. 199, 203 (1972). We note that the record in this case is not so unclear as to require a remand for a determination whether the board did, in fact, lack jurisdiction. Cf. *Assessors of New Braintree* v. *Pioneer Valley Academy, Inc.*, 355 Mass. 610, 619 (1969).

It is not necessary for us to reach the additional basis for the board's finding of lack of jurisdiction, namely that the appellant failed to prove that its application for abatement was filed within thirty days of the mailing of the tax bills.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*

*Eric Walgren*, pro se.
*Stephen B. Monsein* for the defendant.