ELIZABETH A. GUZMAN vs. BOARD OF ASSESSORS OF OXFORD.

Worcester. January 22, 1987. — May 1, 1987.

Present: PERRETTA, CUTTER, & KASS, JJ.

*Taxation*, Real estate tax: abatement, hardship exemption; Appellate Tax
   Board: jurisdiction. *Practice, Civil,* Relief in the nature of certiorari.
   *Words,* "Abatement."

Where a taxpayer's applications seeking exemption from taxation of her
   residence on grounds of hardship under G. L. c. 59, § 5, Eighteenth,
   were not filed within either of the time limits set forth in G. L. c. 59,
   § 59, for seeking an abatement of the tax, a town's board of assessors
   was without jurisdiction to grant relief. [119-121]

A claim in the nature of certiorari, seeking judicial review of action by a
   municipal board of assessors denying a hardship exemption from real
   estate tax on the plaintiff's residence, was subject to dismissal, where
   the plaintiff had commenced her action three months after expiration of
   the statute of limitations provided in G. L. c. 249, § 4, as in effect prior
   to its amendment by St. 1986, c. 95. [121]

CIVIL ACTION commenced in the Superior Court Department
on October 29, 1985.

The case was heard by *Herbert F. Travers, Jr.,* J., on a
motion for summary judgment.

*Roger J. Brunelle* for the taxpayer.

*William T. Talcott, Jr.,* Town Counsel, for the Board of
Assessors of Oxford.

KASS, J. On grounds of infirmity and poverty,[1] the taxpayer,
for the tax years 1982, 1983, 1984, and 1985, applied for
relief from property taxes on her real estate (a residence) under
G. L. c. 59, § 5, Eighteenth.[2] If that exemption must be claimed

---

[1] The source of income of the taxpayer, Elizabeth A. Guzman, was general
relief. The taxpayer is totally disabled and has been unemployed since 1965
or 1966.

[2] Under G. L. c. 59, § 5, Eighteenth, as amended through St. 1965,
c. 620, § 2, there is exempted from taxation: "Any portion of the estates
of persons who by reason of age, infirmity and poverty are in the judgment
of the assessors unable to contribute fully toward the public charges."

on or before October 1st of the tax year in question, or within thirty days after the date on which the tax bill is sent, as required by G. L. c. 59, § 59, the taxpayer's applications for relief for 1982, 1984, and 1985, were untimely and the assessors were without jurisdiction to grant relief. As to fiscal tax year 1983, the assessors raised the defense that the action for judicial review of the assessors' decision was time barred by G. L. c. 249, § 4. Judgment entered (after allowance of a motion for summary judgment) in favor of the assessors, and the taxpayer has appealed.

1. *Timeliness of the applications for hardship exemption.* With commendable candor and focus, the taxpayer argues that there is no statutory deadline for filing an application for the hardship exemption. The general rule governing the assertion of a grievance about a local tax appears in G. L. c. 59, § 59. That statute speaks in terms of applying to the assessors for an "abatement" of the tax. Any contention that "abatement" of a tax does not comprehend pursuit of total exemption from a tax was put to rest by *Belt Realty Corp.* v. *State Tax Commn.,* 363 Mass. 52, 56 (1973), in which the court said, "[A]n owner may apply for abatement of taxes on his or its real estate on the basis of any of a number of provisions of G. L. c. 59, § 5, as amended, exempting certain classes of real estate from local taxation. . . ."

Within the text of § 59 there are twelve deviations from the standard deadline of October 1st or thirty days after dispatch of the bill; in those instances a deadline of December 15th or three months after dispatch of the bill applies instead. All those deviations pertain to applications for exemptions under various subcategories listed in G. L. c. 59, § 5, a circumstance which reinforces the conclusion that an application for an exemption is a species of application for abatement. Clause Eighteen is not within the category of exemptions in § 5 for which a deviation from the standard deadline is provided. Thus, as a matter of statutory construction, the standard deadline is in play. See *Harborview Residents' Comm., Inc.* v. *Quincy Housing Authy.,* 368 Mass. 425, 432 (1975); 2A Sands, Sutherland Statutory Construction § 47.23 (4th ed. 1984).

There is a certain appeal to the idea, advanced by the taxpayer, that in view of the humanitarian considerations which underlie the hardship exemption, one ought not be excessively mechanical about filing requirements, especially in light of the discretionary power conferred upon assessors to grant hardship exemptions. See *Gordon v. Sanderson,* 165 Mass. 375, 376 (1896); *Allen* v. *Assessors of Granby,* 387 Mass. 117, 120-121 (1982). Those opinions, however, speak of the power to grant hardship exemptions; they do not consider the timeliness of the request. As to timeliness of abatement applications, the cases are severe and state the principle that the failure timely to file for an abatement destroys the right. See *Old Colony R.R.* v. *Assessors of Quincy,* 305 Mass. 509, 511-512 (1940); *Assessors of Brookline* v. *Prudential Ins. Co.,* 310 Mass. 300, 308 (1941); *Roda Realty Trust* v. *Assessors of Belmont,* 385 Mass. 493, 495 (1982).

Status as a charity or nonprofit organization — i.e., the presence of a humanitarian factor — has not afforded relief from the rigor of the rule. See *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489, 493-498 (1936) (improper form of application); *Nature Church* v. *Assessors of Belchertown,* 384 Mass. 811, 812 (1981) (timeliness); *Children's Hosp. Med. Center* v. *Assessors of Boston,* 388 Mass. 832, 837-839 (1983) (timeliness of filing required form). Nothing about the text or placement of the hardship exemption of § 5, Eighteenth, places it in a different category and we conclude that an applicant for that exemption is bound to apply for it within the standard time limits of G. L. c. 59, § 59. Compare *Shoppers' World, Inc.* v. *Assessors of Framingham,* 348 Mass. 366, 374-375 (1965), which comments on the breadth of remedy afforded by G. L. c. 59, § 59, but in the context of constitutional entitlement and not with regard to compliance with time requirements prescribed by that statute. It is of no consequence that the assessors did not raise the timeliness issue when they rejected the taxpayer's exemption applications in whole or in part for the years 1982 through 1985. The necessity of complying with G. L. c. 59, § 59, is jurisdictional and is not one which assessors may waive. *Assessors of Boston* v. *Suffolk*

*Law School,* 295 Mass. at 495. *Nature Church* v. *Assessors of Belchertown,* 384 Mass. at 812.

2. *Timeliness of complaint for judicial review.* In one of the tax years, 1983, the taxpayer's exemption application was on time, but the complaint seeking judicial review was nonetheless dismissed as barred by the statute under which judicial review was sought. Review of denials of applications for hardship abatements under cl. Eighteenth proceeds by way of a complaint in the nature of certiorari under G. L. c. 249, § 4; it may not lodge in the Appellate Tax Board. *Assessors of Saugus* v. *Baumann,* 370 Mass. 36, 37 (1976). See *Burbridge* v. *Assessors of Lexington,* 11 Mass. App. Ct. 546, 547 (1981). An action in the nature of certiorari is to be brought "within two years next after the proceeding complained of." G. L. c. 249, § 4, as inserted by St. 1973, c. 1114, § 289.[3] The last action taken by the assessors with respect to the tax year 1983 occurred on July 27, 1983, when the clerk of the board of assessors mailed a notice of partial exemption to the taxpayer. The complaint seeking review of that decision was filed on October 29, 1985, some three months after expiration of the two-year statute of limitations. The action as to 1983, therefore, was subject to dismissal.

It should be remarked that, if the taxpayer is, indeed, in severely straitened financial circumstances, the assessors need not wring their hands as if entirely powerless to afford the taxpayer a remedy. To alleviate a grievous hardship, if there is one, the assessors may request the Commissioner of Revenue to authorize an abatement under the provisions of G. L. c. 58, § 8, as amended.

*Judgment affirmed.*

---

[3] A 1986 amendment reduced the statute of limitations from two years to sixty days. See St. 1986, c. 95.