Furnari, J.
This is an action to recover G.L.c. 15IB damages for sexual harassment allegedly suffered by the plaintiff while in the defendant’s employ, and for the termination of the plaintiffs employment in alleged retaliation for her rejection of sexual advances made by the defendant’s sales manager.
The action was commenced in the Superior Court, but was thereafter transferred for trial pursuantto G.L.c. 231, §102C to the Cambridge Division of the District Court Department. After trial in the district court, judgment was entered for the plaintiff. The defendant now seeks appellate review by this Division of the trial court’s findings of fact. See, however, as to permissible scope of such appellate review, Butler v. Cromartie, 339 Mass. 4, 6 (1959); Ryerson v. Fall River Philan. Bur. Society, 315 Mass. 244, 245 (1943).
1. Neither party has addressed on this appeal the dispositive issue of the district courf s subject matter jurisdiction in this statutory action. However, it is established that a court has “both the power and the obligation to resolve problems of subject matter jurisdiction whenever they become apparent, regardless of whether the issue is raised by the parties.” The Nature Church v. Board of Assessors of Belchertown, 384 Mass. 811, 812 (1981). See also, Karbowski v. Bradgate Assoc., Inc., 25 Mass. App. Ct. 526, 527 (1988). We conclude from our necessary, sua sponte consideration of this issue that the trial court lacked jurisdiction in this G.L.c. 15IB action, and thus that the court’s judgment for the plaintiff must be vacated as void. See generally, Bagley v. Illyrian Gardens, Inc., 401 Mass. 822, 825 (1988).
2. The plaintiffs complaint expressly references G.L.c. 15 IB, and seeks monetary damages for sexual harassment, employment discrimination and other conduct by the defendant which has been rendered unlawful by subdivisions 1,4, 4A and 16A of G.L.c. 151B, §4. College-Town, Div. of Interco, Inc. v. Massachusetts Comm. Against Discrim., 400 Mass. 156, 162 et. seq. (1987). Chapter 151B is a remedial legislative scheme which prescribes only two “largely independent avenues for redress” of the type of statutory violations claimed by the plaintiff herein. Brunson v. Wall, 405 Mass. 446, 453 (1989). The statute provides for either administrative action by the Massachusetts Commission Against Discrimination (“MCAD”), with judicial review and enforcement of MCAD rulings by the Superior Court under §§5-6, see, e.g., Gnerre v. Massachusetts Comm. Against Discrim., 402 Mass. 502 (1988); Northeast Met. Reg. Voca. School Comm. v. Massachusetts Comm. Against Discrim., 31 Mass. App. Ct. 84 (1991); or a “civil action for damages or injunctive relief or both in the superior or probate court...” pursuant to Section 9.[1] See, e.g., Christo v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815 (1988). This express Legislative grant of G.L.c. 151B subject matter jurisdiction to the Superior and Probate Courts must be construed as an implied exclusion of the District Courts as properjudicial forums for *184 the trial and disposition of G.L.c. 15 IB claims. See generally, as to canons of statutory construction, General Elec. Co. v. Commonwealth, 329 Mass. 661, 664 (1953); County of Middlesex v. Newton, 13 Mass. App. Ct. 538, 542 (1982). The jurisdiction of the District Courts and all other trial courts of this Commonwealth is limited to that granted by the Legislature. Police Comm’r of Boston v. Municipal Ct. of the Dorchester Dist., 374 Mass. 640, 662-663 (1978).
3. Even if the stated G.L.c. 151B basis of the plaintiffs complaint were to be disregarded, such pleading cannot be deemed to setforth a cause of action under any other statute or at common law which is within the subject matter jurisdiction of the District Courts. General Laws c. 214, §1C guarantees freedom from sexual harassment, but mandates that the “superior court shall have jurisdiction in equity to enforce this right and to award damages.” Similarly, a G.L.c. 12, §111 action for injunctive or equitable relief or money damages for civil rights violations must be broughtin the superior court. See G.L.c. 12, §§11H, 111. Finally violations of the 1989 Massachusetts Equal Rights Act, G.L.c. 93, §102, may be remedied in a “civil action for injunctive and other appropriate equitable relief, including the award of compensatory and exemplary damages” which “shall be instituted in the superior court.”[2] G.L.C. 93, §102(b).
Given the constitutional, statutory and public policy origins of the rights which the plaintiff now seeks to vindicate, it is also clear that the plaintiff s complaint does not set forth a common law claim within the District Courts’ jurisdiction. The Legislature has enacted specific statutes and, in the case of G.L.c. 151B, a comprehensive remedial scheme for judicial and administrative relief from sexual harassment and employment discrimination. A court’s creation or recognition of a new common law right of action in this area would impermissibly duplicate statutory remedies and permit a plaintiff to circumvent Legislatively prescribed procedures and prerequisites to such statutory relief. Bergeson v. Franchi, 783 F.Supp. 713, 717-719 (D. Mass. 1992). See also, Melley v. Gillette Corp., 19 Mass. App. Ct. 511 (1985). Contrast Comey v. Hill, 387 Mass. 11, 20 (1982).
4. On the basis of the foregoing, the trial court’s judgment for the plaintiff is hereby vacated.
Regrettably, this case is illustrative of a continuing problem with improper G.L.c. 231, §102C transfers of cases which are outside of the subject matter jurisdiction of the District Courts. As this action was commenced by the plaintiff in the Superior Court and thereafter improperly transferred for trial to the Cambridge Division of the District Court Department which lacked subject matter jurisdiction in the matter, the trial court is hereby directed to request that the Chief Justice for Administration and Management of the Trial Court of this Commonwealth retransfer this matter to the Superior Court for trial. See LeBlanc v. Sherwin Williams Co., 406 Mass. 888, 897 n. 10 (1990). See also, St. Joseph’s Polish Nat’l Catholic Church v. Lawn Care Assoc., Inc., 414 Mass. 1003, 1004 (1993).
So ordered.

 The Statute also grants subject matter jurisdiction to the Housing Court over certain G.L.c. 15 IB violations not here relevant.

 Although the district courts share concurrent jurisdiction with the superior court “of all civil actions in which money damages are sought,” G.L.c. 218, §19, the provisions for monetary relief in G.L.c. 93, §102 and G.L.c. 12, §111 do notbring actions pursuantto these statutes within the jurisdiction of the district courts. The references in these statutes to equitable relief and equityjurisdiction, as well as their express designations of the superior court as the authorized judicial forum, signify an unmistakable Legislative exclusion of district court subject matter jurisdiction in this area. With limited statutory exceptions not here relevant, the district courts do not have jurisdiction over equitable claims. Maloney v. Sargisson, 18 Mass. App. Ct. 341, 344 (1984). Conversely, the superior court has jurisdiction of all equity matters "cognizable under the general principles of equity jurisprudence”, G.L.c. 214, §1, as well as equity jurisdiction “if [a] statute so provides.” G.L.c. 214, §2.
Given the equitable nature of these civil rights and anti-discrimination statutory actions, district court jurisdiction is not conferred simply by a G.L.c. 231, §102C transfer of an action which was properly commenced in the superior court. See generally, Id. at 344-345.