Hurley, J.
This is defendant’s petition to establish a report that alleges error in the court’s finding for the plaintiff. However, instead of establishing a report, we dismiss this action for the reason that the relief sought by plaintiff is equitable in nature and beyond the jurisdiction of the District Court.
Plaintiff brought this action alleging that defendant, her former husband, breached a separation agreement executed by the parties in Virginia on May 21, 1987, prior to their Virginia divorce in 1988. The agreement was to survive the divorce and was to be binding and conclusive upon the parties. The relief sought in this case by plaintiff is not damages caused by any breach of that agreement, but rather a monetary award, that would be appropriate if the agreement were modified to provide plaintiff with rights to defendant’s property, which rights were not provided to her by the agreement.
The separation agreement provides that plaintiff “waives any right, title and interest she may have in [defendanf s] IBM Retirement Plan. Each party represented that he or she has no other retirement or pension plans and that all rights to share in present or future intangible property of the other have been settled by this agreement.” Now plaintiff seeks “an appropriate share of defendant’s pension and employee stock-option program.” She alleges that she waived such rights in the separation agreement either as a result of mutual mistake or misrepresentation.
The damages to which plaintiff would be entitled are speculative in the circum *76 stances of this case. The usual measure of damage is an amount that plaintiff would have received but for a misrepresentation. Rice v. Price, 340 Mass. 502, 506-511 (1960). In this case, plaintiffs rights to defendant’s property, if any, were derived from their marital relationship. She was not entitled to a specific share of his property, nor did she seek a specific share. Rather, she asked the court to award her “an appropriate share.” That determination invests a judge with considerable discretion. Handrahan v. Handrahan, 28 Mass. App. Ct. 167-168 (1989). A judge of the District Court has no such equitable authority.[1] That authority is vested in the Probate Court and is exercised according to the provision of G.L.c. 208, §34. The court’s finding that plaintiff’s appropriate share in defendant’s pension is 100%, and her appropriate share in defendant’s stock option plan is also 100%, is beyond this court’s jurisdiction.
Plaintiff also sought that the provision in the agreement requiring the parties to file a joint tax return for calendar year 1987 be amended to also require the parties to file joint tax returns for calendar year 1988. This also seeks an equitable reformation of the agreement and is beyond this court's authority. Similarly, plaintiff’s request that defendant be ordered to sign dental insurance forms is a request for equitable relief not within this court’s jurisdiction. See G.L.c. 218, §19.
Although this is a petition to establish a report rather than an appeal on the merits of the case, it is established that a court has “both the power and the obligation to resolve problems of subject matter jurisdiction whenever they become apparent, regardless of whether the issue is raised by the parties.” The Nature Church v. Board of Assessor of Belchertown, 384 Mass. 811, 812 (1981).
We concluded from our necessary, sua sponte consideration of these issues that the trial court lacked jurisdiction in this action, and thus that the court’s judgment for the plaintiff must be vacated as void. Sheridan v. Action 6 Bay State Travel, Inc., 1993 Mass. App. Div. 183.
So ordered.

In the absence of a statute authorizing it, a court cannot make an equitable division of property. Topor v. Topor, 287 Mass. 473, 474 (1934).