NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-813

EDUCATIONAL DIVIDE REFORM, INC.

vs.

CITY OF CAMBRIDGE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Superior Court judgment dismissing its complaint. We affirm.

Background. In 2016, the plaintiff, Educational Divide Reform, Inc. (EDR) entered into a lease with the Roman Catholic Archbishop of Boston (church) to rent property in Cambridge. Under the terms of the lease, EDR was responsible for paying any property tax that was assessed to the church. In June 2018, the church received a property tax bill that it forwarded to EDR for payment. EDR's president contacted the church contending that EDR was exempt from the property tax because both the church and EDR were non-profit organizations. In turn, the church contacted Robert Reardon, the director of assessing for the City

_____

[1] Robert Reardon, individually and in his representative capacity.

of Cambridge (city).  Reardon advised both the church and EDR's president that the exemption did not apply because the leased premises were not used for church business at that time.  EDR claimed that it was "ill advised" by Reardon, and that the information was "wrong" and "false."

EDR paid the property taxes for 2018, 2019, and 2020 (tax years).  On October 20, 2020, it filed a property tax refund application with the city for the tax years, as well as a request for a denial letter so it could bring the matter to the Appellate Tax Board (board).[2]  The city denied the applications as untimely and refused to issue a denial determination letter.  On November 18, 2020, EDR asked the city to reconsider its determination; the city refused EDR's request.  Thereafter, EDR filed a three-count complaint in the Superior Court against the defendants for deceit, negligent misrepresentation, and liability for negligent or wrongful acts or omissions.  The defendants filed a motion to dismiss, contending that the city and Reardon were immune from liability under the Massachusetts Torts Claim Act (MTCA); the court lacked jurisdiction, as EDR

_____

[2] EDR did not include a copy of the "refund application" referenced in its complaint, but it did request "a refund of all prior property tax payments."  The lease makes reference to abatement proceedings for real estate taxes and the disposition of any potential refund.  At argument in the Superior Court, EDR's counsel referred to an "abatement application."  We therefore understand EDR's reference to the "refund application" to be the equivalent of a request for a tax abatement.

2

failed to exhaust its administrative remedies and timely appeal the tax assessments; and judicial relief was precluded because the statutory tax scheme was the exclusive remedy for EDR. A Superior Court judge agreed and dismissed the complaint. This appeal followed.

Discussion. "We review an order on a motion to dismiss de novo. Factual allegations are sufficient to survive a motion to dismiss if they plausibly suggest that the plaintiff is entitled to relief." (internal citations omitted). A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 424 (2018). We "look beyond the conclusory allegations in the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief." Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011), citing Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008).

1. Administrative remedies. In order to appeal a determination of tax-exempt eligibility, a charitable organization must seek an abatement within three months of the determination. See William B. Rice Eventide Home, Inc. v. Assessors of Quincy, 69 Mass. App. Ct. 867, 871 (2007), quoting G. L. c. 59, § 59. EDR concedes,[3] as it must, that it did not do

---

[3] EDR contends that it received the 2018 tax bill in "June 2018." The complaint is silent as to the date of receipt of the 2019 and 2020 tax bills. In any event, EDR did not apply for a tax abatement until October 20, 2020, when it "filed a refund

3

so, and its attempt to recast its complaint as one sounding in tort is not a substitute for EDR's failure to administratively appeal the property tax assessments to the board.  At bottom, the city properly denied EDR's attempt to appeal the assessments for the tax years as untimely.

A taxpayer who timely filed for abatement and remained aggrieved, must then appeal to the board "within three months after the time when the application for abatement is deemed to be denied."  G. L. c. 59, § 64.  EDR's failure to appeal the assessor's denial of the abatements within three months of the city's determination deprived the board of subject matter jurisdiction.[4]  See Nature Church v. Assessors of Belchertown, 384 Mass. 811, 812 (1981).  Because EDR failed to appeal to the board, EDR is not entitled to seek judicial review.  See G. L. c. 58A, § 13.  Moreover, because the statutory scheme provides the exclusive remedy to challenge tax abatements, and EDR did not appeal the denial of the abatements to the board, EDR's claims also fail as a matter of law.  See Sears, Roebuck & Co.

_____

application for 2018, 2019 and 2020."  Assuming that EDR received the tax bills on June 30th of each year, the application was at least twenty days late for 2020; it was more than one year late for 2019; and it was more than two years late for 2018.

[4] EDR did not need a denial letter to appeal to the board.  See G. L. c. 59, § 63 (if assessor fails to take action on application for three months, application is deemed denied and appeal to board from inaction may be taken).

4

v. Somerville, 363 Mass. 756, 758-759 (1973).  See also G. L.
c. 58A, § 13 (appeal to Appeals Court exclusive method to review
action of Appellate Tax Board).

2. MTCA.  The MTCA is the "exclusive remedy for bringing
tort claims against the Commonwealth and its municipalities."
Magliacane v. Gardner, 483 Mass. 842, 850 (2020).  EDR cannot
assert common law negligence claims to avoid compliance with the
MTCA.  Under the MTCA, the Commonwealth and its municipalities
are immune from liability for "any claim arising in respect of
the assessment or collection of any tax."  G. L. c. 258, § 10
(d).  They are also immune from "any claim based upon an act or
omission of a public employee when such employee is exercising
due care in the execution of any statute or any regulation of a
public employer."  G. L. c. 258, § 10 (a).  Moreover, the MTCA
does not waive immunity for intentional torts of public
employees, and government entities retain their immunity from
liability for such conduct.  See G. L. c. 258, § 10 (c).
Accordingly, EDR's claims against the city are barred by the
MTCA.  And because the MTCA is the exclusive remedy for a claim
of tortious conduct against a public employer or employee, EDR's
claims for deceit and negligent misrepresentation fail as a
matter of law.  Reardon is also immune from liability because
the MTCA shields public employees acting within the scope of
their employment from personal liability for negligent conduct.

See <u>McNamara</u> v. <u>Honeyman</u>, 406 Mass. 43, 46 (1989).[5]  See also

G. L. c. 258, § 2.

<u>Judgment affirmed</u>.

By the Court (Blake,
   Hershfang & D'Angelo, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  February 23, 2023.

---

[5] Based on our disposition, we need not consider the defendant's claim that EDR knew that Reardon's statement was false.

[6] The panelists are listed in order of seniority.