THOMAS MacHENRY vs. CIVIL SERVICE COMMISSION & others.[1]

No. 94-P-1199.

Suffolk. December 28, 1995. - July 1, 1996.

Present: SMITH, IRELAND, & LENK, JJ.

*Practice, Civil,* Action in nature of certiorari. *Department of Personnel Administration. Civil Service,* Police. *Police,* Promotional examination. *Due Process of Law,* Employment.

The Department of Personnel Administration (DPA) has authority pursuant to G. L. c. 31, § 27, to review the validity of the statement of reasons an appointing authority must submit when it makes a "bypass" promotion and where the DPA rejected the reasons given for so promoting a certain police officer, the appointment was not effective. [634-636]

CIVIL ACTION commenced in the Superior Court Department on March 22, 1991.

The case was heard by *Hiller B. Zobel,* J.

*Nicholas Foundas* for the plaintiff.

*Peter Sacks,* Assistant Attorney General, for Civil Service Commission & another.

*Thomas A. Mullen,* Town Counsel, for Board of Selectmen of Wakefield.

LENK, J. Thomas MacHenry, a sergeant in the Wakefield police department, appeals from a judgment of the Superior Court dismissing his complaint, which sought relief in the nature of certiorari pursuant to G. L. c. 249, § 4, from a decision of the Civil Service Commission (commission).

This procedurally complex controversy stems from Mac-Henry's short-lived promotion to police lieutenant in 1988, when the board of selectmen of the town of Wakefield voted

---

[1] Personnel Director of the Department of Personnel Administration and the board of selectmen of Wakefield.

to "bypass" two higher scoring individuals on the certified civil service promotion eligibility list and to promote Mac-Henry, the lowest scoring of the three. Pursuant to G. L. c. 31, § 27, the selectmen submitted to the Department of Personnel Administration (DPA) a written statement of reasons for the bypass, as required by § 27 in order for the appointment to become effective. MacHenry's excellent law school record was the chief reason given for the bypass. DPA then informed the selectmen that this explanation was inadequate since education is already factored into an applicant's score and inappropriate double counting would result were it again cited to justify the bypass. DPA requested the selectmen to provide an additional, more detailed, explanation for the bypass. Instead of providing DPA with a sufficient explanatory statement for the bypass warranting MacHenry's promotion, the selectmen opted not to pursue MacHenry's promotion at all. They then promoted another individual, second on the list, and provided the DPA with a detailed statement of reasons explaining why this candidate was promoted to lieutenant over the highest scoring candidate. The DPA approved the statement of reasons. MacHenry, who during this period of time had already assumed the duties of lieutenant with concomitant compensation, was returned to his previous sergeant's position. MacHenry then started down the long and winding road of litigation protesting this unhappy turn of events.

The matter is before us after MacHenry's appeal of DPA's action to the commission pursuant to G. L. c. 31, § 2(b), followed by his appeal from the commission's decision to the Superior Court. Reduced to its essentials, MacHenry argues that the Superior Court judge erred in dismissing the complaint in the nature of certiorari because the commission erred in upholding the selectmen's rescission of MacHenry's appointment and promoting instead a higher scoring candidate. The commission concluded that MacHenry's appointment had never become effective because DPA never approved a statement of reasons for the bypass and that the selectmen were accordingly free to promote another candidate. The commission's determination in this regard was made despite its ruling that the reasons initially provided by the selectmen to DPA for bypassing others in favor of MacHenry, which reasons DPA at the time rejected, were in fact valid

reasons for the bypass which could have withstood challenge from those bypassed for promotion.

MacHenry argues, more particularly, first, that the nub of the problem lies with DPA's having undertaken at all to review substantively the selectmen's statement of bypass reasons when it had no authority under G. L. c. 31, § 27, to do so. Since DPA's receipt, and not its approval, of the statement of reasons is all that § 27 requires to make a promotion effective, he argues that his promotion in fact became effective and vested in 1988, and that he could not be legally demoted without due process of law, which he has been denied. Secondly, he argues that the commission's decision was not supported by substantial evidence. This latter argument is devoid of merit, and we confine our attention to the first issue, i.e., whether § 27 authorizes DPA to review the validity of the statement of reasons that an appointing authority — here, the selectmen — must submit when it makes a bypass promotion or whether the appointment is effective merely upon receipt by DPA of the statement of reasons.

The standard of review in an action in the nature of certiorari is "to correct substantial errors of law apparent on the record adversely affecting material rights." *Commissioners of Civil Serv.* v. *Municipal Ct. of Boston*, 369 Mass. 84, 90 (1975), quoting from *Sullivan* v. *Committee on Rules of the House of Representatives*, 331 Mass. 135, 139 (1954). In pertinent part, § 27, as amended by St. 1985, c. 527, § 16 provides:

> "If an appointing authority makes an original or promotional appointment from a certification of any qualified person other than the qualified person whose name appears highest, and the person whose name is highest is willing to accept such appointment, the appointing authority shall immediately file with the administrator a written statement of his reasons for appointing the person whose name was not highest. Such an appointment of a person whose name was not highest shall be effective only when such statement of reasons has been received by the administrator. The administrator shall make such statement available for public inspection at the office of the department."

MacHenry contends that, given its ordinary meaning, the

statute requires that the reasons for bypass be *received* by the DPA before an appointment becomes effective, and that nothing in § 27 requires or permits DPA to review and approve or disapprove the statement of reasons. Section 27 ought not to be read so narrowly.

In *Bielawski* v. *Personnel Administrator of the Div. of Personnel Admn.*, 422 Mass. 459 (1996), the Supreme Judicial Court observed that the DPA in that matter had "approved," "accepted," or "affirm[ed]" bypass reasons forwarded it by the appointing authority pursuant to § 27. *Id.* at 460-461. The court also stated that "[t]he procedural scheme requiring approval [of bypass reasons] by the personnel administrator, allowing an appeal to the [Civil Service] [C]ommission, and providing for limited judicial review is more than sufficient to satisfy the requirements of due process." *Id.* at 466. The court thus plainly assumed that § 27 requires DPA to perform a review of the statement of reasons as part of the "procedural scheme" which protects and furthers civil service merit principles.

This reading of § 27 comports with prior judicial constructions of § 27, followed by legislative reenactments of the identical "receipt" language of § 27 in light of these judicial constructions. See *Goldblatt* v. *Corporation Counsel of Boston*, 360 Mass. 660, 662 (1971); *Flynn* v. *Civil Serv. Commn.*, 15 Mass. App. Ct. 206, 207 (1983). In these cases, DPA's role is not confined to mere "receipt" but is seen to involve acceptance or approval of the statement of reasons. Given the Legislature's presumptive knowledge of those decisions, the reenacted language should be similarly construed.

This interpretation of § 27, giving DPA the authority to review and not merely formally to receive bypass reasons, when seen in the context of the civil service law as a whole, is also eminently reasonable. Chapter 31 charges DPA with the responsibility to evaluate the qualifications of applicants for civil service positions in accordance with basic merit principles and requires DPA to administer, enforce, and comply with the civil service law and rules. The narrow construction of § 27 urged by MacHenry, reducing DPA's role in the bypass process to that of ministerial depository, flies in the face of those responsibilities. It would also render apparently superfluous the panoply of § 27 requirements. If DPA were only to be a depository and to play no reviewing

role, it is unclear what purpose would be served by requiring that the filing with DPA be immediate and available for public inspection, and that it be a precondition of the appointment's becoming effective. Finally, both the commission and DPA have consistently and for a considerable period of time interpreted § 27 to include the power to pass on the validity of reasons submitted for bypass promotions. This is accorded due weight and deference. *Massachusetts Med. Soc.* v. *Commissioner of Ins.*, 402 Mass. 44, 62 (1988). *Howard Johnson Co.* v. *Alcoholic Bev. Control Comm.*, 24 Mass. App. Ct. 487, 492 n.6 (1987).

In light of this, the board was free to withdraw MacHenry's promotion given that it never became effective through DPA validation. Accordingly, we discern no substantial error of law apparent on the record adversely affecting material rights and we affirm the judgment of the Superior Court.

*Judgment affirmed.*