King, J.
The Boston Police Department (Police Department) appeals, pursuant to G.L.c. 31, §44, the Civil Service Commission’s (Commission) decision to reverse the Personnel Administrator (Administrator) and place Walter Campbell at the top of the certification list for employment as a Boston police officer. The Police Department now moves for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons discussed below, the motion will be allowed and the decision of the Commission will be annulled.
BACKGROUND
The Administrator is responsible for preparing lists of eligible candidates for civil service positions including the position of police officer. G.L.c. 31, §25. In general, candidates are ranked on the civil service eligibility list based on their scores on a written examination. There are, however, many exceptions to the general rule. For example, the names of disabled veterans, such as Mr. Campbell, are placed on the top of the eligibility list provided they pass the written examination and are otherwise qualified for appointment. G.L.c. 31, §26. When an appointing authority subject to civil service wishes to appoint police officers, the Administrator will furnish the appointing authority with a list of eligible candidates. For each position being filled, the appointing authority will be given three names. G.L.c. 31, §27. In this case, since the Police Department was hiring 167 police officers, the eligibility list should have contained 501 names. The appointing authority must appoint candidates based on their ranking on the eligibility list, starting from the top of the list. The appointing authority, however, does have the discretion to bypass candidates on the list provided the appointing authority has a legitimate reason for doing so. The system of furnishing three names for each appointment is designed to provide the appointing authority with discretion to assure that the best qualified candidates are hired. If the appointing authority does bypass a candidate, it must provide the Administrator with written reasons. G.L.c. 31, §27. The Administrator has the power to accept or reject the reasons given by the appointing authority. MacHenry v. Civil Service Comm’n., 40 Mass.App.Ct. 632, 635-36 (1996).
Walter Campbell is a disabled Vietnam War veteran who applied for a position as a Boston police officer. Mr. Campbell passed a civil service examination in June 1994. As a result of his civil service examination results and his preferred status as a disabled Vietnam veteran, Mr. Campbell, on March 8, 1995, was placed by the Administrator at the top of a certification list for appointment by the Police Department.
Mr. Campbell submitted to a urine test on December 10, 1994, as part of his application to the Police Department.[1] National Health Laboratories administered the drug test for the Police Department. An enzyme-multiplied immunoassay technique drug test reported the presence of marijuana in Mr. Campbell’s urine sample on December 14, 1994. A subsequent *237 gas chromatography/mass spectrometry test confirmed the presence of marijuana in Mr. Campbell’s urine sample.
On March 16, 1995, the Police Department notified the Administrator of its decision to appoint certain candidates from the police officer eligibility list. On that same date, the Police Department requested the bypass of Mr. Campbell based on his failure of the drug test. The Administrator accepted the Police Department’s reason. On April 20, 1995, the Administrator notified Mr. Campbell by letter that he had been bypassed and enclosed the Police Department’s reason for its decision.
Mr. Campbell appealed the Administrator’s decision to the Commission pursuant to G.L.c. 31, §2(b) on May 23, 1995. Mr. Campbell had independently submitted to another drug test on May 19, 1995, which reported no presence of marijuana on that date.
On May 29, 1996, after a hearing, the Commission reversed the Administrator’s decision on the ground that “the reasons for bypass was incomplete as [Mr. Campbell] was denied his right to respond to the laboratory results in a timely and efficient manner.” The Commission directed the Administrator to place Mr. Campbell’s name at the top of the next certification list for consideration by the Police Department.
The Police Department appealed the Commission’s decision pursuant to G.L.c. 31, §44, and G.L.c. 30A, §14, asserting that because the Administrator’s decision to accept the bypass reason was based upon a preponderance of the evidence, the Commission’s reversal was -unsupported by substantial evidence, erroneous as a matter of law, unwarranted by the facts before the Commission, in excess of its statutory authority, arbitrary and capricious and an abuse of discretion.
DISCUSSION
Any party aggrieved by a decision of the Commission may appeal the decision to this court pursuant to G.L.c. 31, §44. Bielawski v. Personnel Administrator, 422 Mass. 459, 463 n. 10 (1996). The court’s review of the Commission’s decision is governed by G.L.c. 30A, §14. G.L.c. 31, §44. As the party appealing an administrative decision, the plaintiff bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). When reviewing a decision by the Commission, this court must determine whether the Commission’s action was justified; that is, whether it was supported by adequate reasons based on credible evidence. Comm’rs of Civil Service v. Municipal Court of the City of Boston, 369 Mass. 84, 88 (1975) (citations omitted). An agency’s decision is supported by “substantial evidence” if it is such that “a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6).
The Commission may reverse the decision of the Administrator only “upon a finding that such decision was not based upon a preponderance of evidence in the record.” G.L.c. 31, §2(b). When reviewing this limited authority of the Commission, “judicial review becomes ‘an assessment of the strength of the evidence supporting the agency’s action . . .’ ” Mayor of Revere v. Civil Service Comm’n., 31 Mass.App.Ct. 315, 322 (1991), quoting Yerardi’s Moody St. Restaurant & Lounge, Inc. v. Selectman of Randolph, 19 Mass.App.Ct. 296, 300 (1985).
The Police Department acted within its discretion when it rejected Mr. Campbell’s candidacy upon receipt of the drug test results, and the Administrator properly accepted the Police Department’s March 16, 1995 reason for the bypass. When bypassing the top candidate on the Administrator’s certified list of applicants, the Police Department must “immediately file with the administrator a written statement of [its] reasons,” G.L.c. 31, §27, which reasons shall be legitimate, not improper, and based on merit. Bielawski, supra at 464 (selection based on candidate’s extensive volunteer work in organizing safely classes was legitimate); Flynn v. Civil Service Commission, 15 Mass.App.Ct. 206, 211 (1983). No party disputes Mr. Campbell’s failure to pass the drug test in December 1994. The Commission itself recognized the Police Department’s “right and obligation” to perform medical and fitness examinations of applicants. Marijuana abuse is a legitimate and nondiscriminatory reason to reject an applicant for employment as a police officer.
Nothing in the civil service statute requires the Police Department to notify the applicant immediately, as Mr. Campbell and the Commission suggest, of his failure to pass the drug test. Immediately upon its appointment of a candidate not highest on the certified list, the Police Department must file with the Administrator a statement of reasons. G.L.c. 31, §27. The Police Department’s appointment does not become effective until the Administrator reviews and accepts the Police Department’s reasons for bypassing the highest ranked candidate. MacHenry v. Civil Service Comm’n., 40 Mass.App.Ct. 632, 635-36 (1996). In the present case, the Administrator accepted the Police Department’s reason and notified Mr. Campbell of the decision on April 20, 1995.
The Commission rejected the Police Department’s reason for the bypass, stating that it “was incomplete as [Mr. Campbell] was denied his right to respond to the laboratory results in a timely and efficient manner.” Neither the civil service statute nor the Personnel Administration Rules afford such a “right” to applicants such as Mr. Campbell. The only relevant notification provision of the statute requires the Police Department to notify the Administrator of its decision to bypass a candidate and its reasons therefor, which it did in the present case. G.L.c. 31, §27. Neither Mr. Campbell nor the Commission possess a “right” to *238 challenge the results of the drug test, and it is not the Commission’s role, under G.L.c. 31, §2(b), to determine whether or not Mr. Campbell was ingesting marijuana. The Commission’s sole reviewing authority is to determine whether the Administrator’s decision to accept the reasons stated by the Police Department was supported by a preponderance of the evidence in the record. G.L.c. 31, §2(b). This is not to rule that the Commission has no role should an invalid or discriminatory test be used by an appointing authority. There is no evidence in this case suggesting that the urine tests were invalid or used in a discriminatory manner.
The evidence supported the Police Department’s concern that Mr. Campbell unlawfully ingested a controlled substance. The tests administered by the National Health Laboratories for the Police Department were in accordance with guidelines issued by the U.S. Department of Health and Human Services (HHS). See 14A Employment Coordinator para. PM-15,763 (Clark Boardman Callaghan 1997). The HHS guidelines require an employer to first screen for drugs using an immunoassay test, followed by a more sophisticated confirmatory gas chromatography/mass spectrometry test. Id. Mr. Campbell’s urine sample was submitted for both types of testing by the Police Department, and both reported the presence of marijuana on December 14, 1994. An immunoassay test, such as the EMIT administered in this case, has a 95% to 99% accuracy rate. Id. The confirmatory GC/MS test “approach[es] 100% accuracy.” Id.
Mr. Campbell’s own evidence supports the reliability of the drug testing procedure used by the Police Department. The unsigned, ten-year-old form affidavit presented by Mr. Campbell agrees that the GC/MS method “may exceed 95% or even 97%” accuracy. At the hearing before the Commission, the Police Department stated that the custodian of records for National Health Laboratories, Dr. Robert Foery, a toxicologist, was available by telephone to answer any questions. Neither Mr. Campbell nor the Commission took this opportunity to ask any questions concerning the testing procedures used. The record does not support the claim that the Police Department and the Administrator failed to accord Mr. Campbell “fair treatment” during the course of his application for employment. G.L.c. 31, §1. See also Koch v. Harrah’s Club, 5 IER Cases 1295 (BNA 1990).
The Police Department and the Administrator complied in every respect with the civil service statute. The Commission conceded the importance of health and fitness tests for candidates seeking employment as police officers. The Police Department used two screening methods to test Mr. Campbell’s urine for the presence of drugs, approaching a 99% accuracy rate. The Administrator reviewed and accepted the Police Department’s reason for bypassing Mr. Campbell. The Commission did not regulate the administration of pre-employment drug testing, but found that, in Mr. Campbell’s case, the procedure was in error. Admittedly, it might have been more fair and accurate to have split Mr. Campbell’s urine sample, preserving some for a re-test at his expense. However, the Police Department’s current procedure accords with HHS guidelines and does not allow for discriminatory decisions.
The court doubts the efficacy of the suggestion by Mr. Campbell and the Commission that Mr. Campbell should have been afforded the opportunity to submit to a re-test immediately after the Police Department learned of the positive test results. Under certain circumstances, traces of marijuana could leave the user’s urine after three days. 14A Employment Coordinator para. PM-15,750 (Clark Boardman Callaghan 1997). The Police Department, in selecting officers to protect the safety of Boston and its residents, should not be forced to run the risk that an applicant, who initially tested positive for drugs through a highly reliable test, refrained from using drugs in order to pass a re-test and qualify for employment.
The Commission stated in its decision that “(i]n order to prevail in a bypass case, [the applicant] must demonstrate that the reasons offered by [the Department] were untrue, apply equally to the higher ranking, bypassed candidate, are incapable of substantiation, or are a pretext for other impermissible reasons.”[2] To the extent this means that the unsuccessful civil service candidate is entitled to a trial de novo before the Commission to determine the “truth” of the reason given for bypassing the candidate, then this position is without any support in the civil service statute or relevant case law. Mr. Campbell had the burden before the Commission to prove that the Administrator’s decision to accept the Police Department’s decision “was not based upon a preponderance of the evidence in the record.” G.L.c. 31, §2 (b). The record supported the presence of marijuana in Mr. Campbell’s urine by more than a preponderance of the evidence, and therefore supported the Police Department’s decision to bypass this candidate for the job of police officer. The Commission’s decision to reverse the Administrator’s acceptance of the Police Department’s reasons for bypassing Mr. Campbell is not supported by a preponderance of the evidence and exceeded the Commission’s authority.
ORDER
For the foregoing reasons, the court orders that the plaintiffs motion for summary judgment is ALLOWED. Judgment shall enter annulling the decision of the Civil Service Commission.

 Apparently, the appointing authority receives an informal list of candidates before the official certified list is issued to allow time to conduct background investigations.

 The Commission then went on to base its decision on procedural grounds, namely that Mr. Campbell was not afforded the opportunity to challenge the results of his drug test.