# COMMITTEE FOR PUBLIC COUNSEL SERVICES *vs.* NORMAN S. LOOKNER.

No. 97-P-2138.

Suffolk. April 8, 1999. - September 29, 1999.

Present: LAURENCE, SMITH, & SPINA, JJ.

*Attorney at Law,* Compensation. *Practice, Civil,* Action in nature of certiorari. *Administrative Law,* Judicial review. *Notice. Statute,* Construction.

An action in the nature of certiorari was untimely where it was not filed within sixty days of the last administrative action in the proceeding sought to be reviewed. [835-838]

CIVIL ACTION commenced in the Superior Court Department on May 8, 1996.

A motion to dismiss was heard by *Nonnie S. Burnes,* J.

*Terry M. Craven* for the defendant.

*Mary Murphy-Hensley,* Assistant Attorney General, for the plaintiff.

LAURENCE, J. Norman S. Lookner is an attorney licensed to practice in the Commonwealth. As part of his practice, he was certified to, and did, accept paid assignments from the Committee for Public Counsel Services (committee) (see G. L. c. 211D) to represent indigent clients in cases involving custody of children, delinquency charges, and termination of parental rights. In early 1995, he was the subject of an audit by the committee which investigated his billing practices (see G. L. c. 211D, § 12).

A committee auditor found that Lookner had overbilled the committee $18,445 in fiscal year 1994 by billing at least .25 hours for each task, such as a short telephone call, as opposed to billing the actual time worked in a given day rounded off to the nearest quarter of an hour. In addition, Lookner's time sheets did not record the actual amount of time spent on billable

tasks or explain the nature of the work performed. Lookner had billed the committee 2,327 hours over 364 days of the fiscal year and was paid $79,022.63 for fiscal year 1994 services. The auditor recommended to the committee's executive committee that Lookner repay $18,445 in overbillings within twenty-four months.

Lookner appealed the auditor's recommendation and requested a hearing. On November 1, 1995, pursuant to the procedures set forth in Section E of the committee's Manual for Counsel Assigned Through the Committee for Public Counsel Services — Policies and Procedures (June 1995) (manual), a hearing officer conducted a hearing at which Lookner was represented by an attorney. The manual, which is binding upon all "[a]ttorneys who accept assignments of cases through the Committee," expressly provides that "[t]he action of the Executive Committee Hearing Officer shall be final." On February 28, 1996, the hearing officer issued his findings and final decision, concurring with the auditor's findings but reducing the overbilled amount to $11,130, payable within twelve months on terms to be mutually agreed upon by Lookner's attorney and the committee's audit staff.

The hearing officer's decision was adopted by the executive committee as its final decision, which, by letter dated March 4, 1996, from the committee's audit staff, was communicated to Lookner, who concededly received the letter "on or about March 4, 1996." On April 4, 1996, Lookner requested "a complete copy of the [hearing officer's] findings and recom-' mendations." On that same day, he purported to file a "Notice of Appeal" with the committee, stating his intent to appeal the "Executive Committee Judgment date[d] March 4, 1996." A committee staff auditor sent Lookner .(by certified mail, return receipt requested) a copy of the hearing officer's decision, which he received "on or about April 16, 1996." Lookner later (on May 6, 1996) filed a second "Notice of Appeal" stating his intent to appeal "the Executive Committee Decision and the Findings of [the hearing officer] as reported to [Lookner] on April 16, 1996."

On May 8, 1996, Lookner filed the underlying certiorari action pursuant to G. L. c. 249, § 4. On August 5, 1996, he filed an amended complaint seeking injunctive relief and a declaratory judgment, pursuant to G. L. c. 231A, § 1, that the committee's "practices and procedures . . . in determining whether

billing irregularities have occurred and ordering repayment by attorneys violate Plaintiff's rights."

After a hearing on the committee's motion to dismiss the complaint on August 16, 1996, a judge of the Superior Court ruled that the time for seeking relief under G. L. c. 249, § 4, had expired but that Lookner's count for declaratory relief had been timely asserted. After a further hearing, on December 19, 1996, a second Superior Court judge allowed the committee's motion to dismiss, not only on the ground that it was untimely,[1] but also because Lookner's claim for declaratory relief could not be maintained against the judiciary department (see G. L. c. 231A, § 2), of which the committee is a part. We conclude that the dismissal of Lookner's certiorari count was correct on this record.[2]

Actions in the nature of certiorari under G. L. c. 249, § 4, must be commenced within sixty days after the conclusion of the proceeding being challenged. *Pidge* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 32 Mass. App. Ct. 14, 17-18 (1992).[3] Failure to file a certiorari action within the statutory time period "is such a 'serious misstep' that such an action must be dismissed when not timely filed." *Id.* at 18. See *Malone* v. *Civil Serv. Commn.*, 38 Mass. App. Ct. 147, 151 (1995) (certiorari complaint filed beyond sixty-day period should have been dismissed). The term "proceeding complained of" refers to "the last administrative action" taken by an agency. *Pidge* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 32 Mass. App. Ct. at 17-18 (statutory sixty days began on the date the acting commissioner of correction approved plaintiff's placement in a segregated unit).

Here, the committee's manual, which all attorneys accepting

---

[1] In so ruling, the judge stated: "Neither party argues the ['']proceeding['']] at issue was anything other than the hearing before . . . the Hearing Officer . . . [which] concluded when . . . [the Hearing Officer] issued his decision on March 4, 1996." Sixty days after February 28, 1996, was April 29, 1996. Sixty days after March 4, 1996, was May 3, 1996, a Friday. Lookner did not file his complaint until May 8, 1996, a Wednesday.

[2] In his appeal, Lookner does not challenge the Superior Court's decision to dismiss his claim for declaratory relief. His amended complaint conceded that the committee was an agency within the judiciary department. See G. L. c. 211D, § 1.

[3] The statute provides that "[a] civil action in the nature of certiorari . . . shall be commenced within sixty days next after the proceeding complained of." G. L. c. 249, § 4, as amended by St. 1986, c. 95.

assignments through the committee agree to follow, explicitly stated that "[t]he action of the Executive Committee Hearing Officer [with respect to attorney challenges to claimed billing irregularities] shall be final."[4] The last administrative action by the committee regarding its audit of Lookner's billing practices occurred on February 28, 1996, when the executive committee hearing officer upheld the auditor's findings but reduced the overbilled amount to $11,130. Lookner, however, waited until May 8, 1996, more than a week after the sixty-day statutory period had expired, to file this untimely action.

Even if the committee's March 4, 1996, letter, informing Lookner of the executive committee hearing officer's final decision, is deemed "the last administrative action" for purposes of the certiorari statute, it does not advance Lookner's cause. The letter, sent by certified mail, return receipt requested, to Lookner's counsel, was received on or about March 4, 1996. Thus, on this record Lookner had notice that the hearing officer's final decision had ordered him to repay $11,130 for his excessive billing practices over sixty days before he commenced his action (see note 1, *supra*). In fact, Lookner's first "Notice of Appeal," dated April 4, 1996, evinces that he was well aware of both the fact and the date of the committee's final decision.

Lookner argues that the statutory period should run from April 16, 1996, the day he received a copy of the hearing officer's full decision containing his findings. For this proposition, Lookner relies upon distinguishable cases involving statutes in which the Legislature expressly uses the term "notice" in the statute to specify whether the relevant time period for asserting or preserving legal rights commences upon the sending or the receipt of notice of adverse official action. See *Sweeney* v. *Morey & Co.*, 279 Mass. 495, 502 (1932); *Board of Assessors of Salem* v. *State Tax Commn.*, 371 Mass. 410, 412 (1976). Neither the word "notice" nor the word "receipt," however, appears in G. L. c. 249, § 4. Had the Legislature intended to begin the relevant period from the actual receipt of a decision, it could easily have said so, as it has done elsewhere. See, e.g., G. L. c. 31, § 44, as amended by St. 1992, c. 133, § 351 (aggrieved party may appeal "within thirty days after receipt of such order

---

[4]At the November 1, 1995, hearing, the committee representative had also explicitly explained to Lookner's counsel that "If the hearing officer, whose decision is final, assesses a payback, we send that notice to the attorney in writing."

or decision" of the Civil Service Commission). Cf. G. L. c. 30A, § 14(1), as amended by St. 1976, c. 411, § 1 (action shall be commenced "within thirty days after receipt of notice of the final decision of the agency"). "Where the statutory language is clear, it must be given its plain and ordinary meaning." *Hayes* v. *Retirement Bd. of Newton*, 425 Mass. 468, 471 (1997), quoting from *Brook House Condominium Trust* v. *Automatic Sprinkler Appeals Bd.*, 414 Mass. 303, 306 (1993) (other citations omitted). Compare *Survey & Research Serv., Inc.* v. *Director of the Div. Of Employment Sec.*, 352 Mass. 475, 476 (1967) (statute requiring mail notice within seven days requires mailing, not receipt, within seven days); *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield*, 394 Mass. 663, 669 (1985) (under the zoning statute, the statutory period runs from the date the decision is filed with the city, and not the date notice of the decision is received).

In G. L. c. 249, § 4, the Legislature did not require "notice" or "receipt" of anything, much less findings, to start the running of the certiorari period, but rather specified as the triggering mechanism for the action the operative conclusion of the proceedings complained of. That critical event occurred on February 28, 1996, the date the hearing officer issued the final decision of the committee; or, at the latest, March 4, 1996, when Lookner received notice of that final decision. His serious misstep in failing to file his action within sixty days thereafter despite that seasonable notice required its dismissal. See *Burbridge* v. *Board of Assessors of Lexington*, 11 Mass. App. Ct. 546, 548-549 (1981); *Guzman* v. *Board of Assessors of Oxford*, 24 Mass. App. Ct. 118, 121 (1987); *Pidge* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 32 Mass. App. Ct. at 17-18; *Malone* v. *Civil Serv. Commn.*, 38 Mass. App. Ct. at 151. Compare *Harper* v. *Division of Water Pollution Control*, 412 Mass. 464, 465-467 (1992) (dismissing action filed only one day after expiration of the G. L. c. 30A appeals period).[5]

*Judgment affirmed.*

---

[5]In passing, we note that Lookner's fundamental grievance is over money, i.e., being required to repay the committee overbilled amounts it claimed to have paid him. Accordingly, his contention in the certiorari count of his

complaint that he would "suffer irreparable harm" from the committee's decision is of dubious merit in justifying his entitlement to extraordinary relief such as that represented by certiorari. Cf. *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 621 (1980); *Taunton Gardens Co.* v. *Hill*, 396 F. Supp. 370 (D. Mass. 1975); *Fisher* v. *Board of Selectman of Nantucket*, 453 F. Supp. 881 (D. Mass. 1978) (disputes over money damages do not ordinarily give rise to harm qualifying as irreparable injury for purposes of the extraordinary relief of an injunction). In that connection, we doubt whether it has been made to appear on this record that such a dispute over money — particularly in light of the fair procedures and adequate notice afforded Lookner here — constitutes the sort of "substantial injury," *Boston Edison Co.* v. *Selectmen of Concord*, 355 Mass. 79, 83 (1968), or "manifest injustice," *Marram* v. *Fourth Dist. Ct. of E. Middlesex*, 353 Mass. 770 (1968), or "adverse [e]ffec[t] [on] the real interests of the general public," *Whitney* v. *Judge of Dist. Ct. of N. Berkshire*, 271 Mass. 448, 459 (1930), which warrants the court's discretionary exercise of the certiorari remedy.