### MEHMET RUCI vs. CLIENTS' SECURITY BOARD.

No. 99-P-1626.

Suffolk. November 19, 2001. - February 11, 2002.

Present: PORADA, DOERFER, & COWIN, JJ.

*Clients' Security Board. Practice, Civil,* Action in nature of certiorari. *Constitutional Law,* Equal protection of laws. *Attorney at Law,* Attorney-client relationship.

On review in the nature of certiorari challenging the dismissal of a claim for compensation filed with the Clients' Security Board based on the failure of an attorney to account to his client for the unearned portion of a fee paid to the attorney, a Superior Court judge erred in allowing the board's motion for judgment on the pleadings insofar as the complaint sought to review the merits of the board's action, where the record before the board showed, contrary to the board's ruling, conclusive evidence of a defalcation by the attorney. [738-740]

In an action in the Superior Court challenging the Clients' Security Board's dismissal of a claim for compensation based on the failure of an attorney to account to his client for the unearned portion of a fee paid to the attorney to represent the client in a murder case, a Superior Court judge correctly allowed the board's motion for summary judgment on a claim for equal protection, where not only did the client fail to provide support for his claim that he was discriminated against because of his status as a prisoner serving a life sentence, but the board supplied an affidavit showing that other claims of prisoners had been allowed. [740]

CIVIL ACTION commenced in the Superior Court Department on December 16, 1996.

Motions for judgment on the pleadings and for summary judgment were considered by *Carol S. Ball,* J., and *Maria I. Lopez,* J., respectively.

*Mehmet Ruci,* pro se.

*John R. Hitt,* Assistant Attorney General, for the defendant.

DOERFER, J. The plaintiff filed a claim for compensation with

the Clients' Security Board (board)[1] based on the failure of his attorney, Dennis Jackson, to account to him for the unearned portion of a fee paid to Jackson to represent him in a murder case. The facts of Jackson's defalcation had previously been established in a proceeding before the Board of Bar Overseers which resulted in his three-year suspension from the practice of law. The plaintiff filed the record of the findings and rulings in that case in support of his claim. Nevertheless, the board dismissed the plaintiff's claim, "because of insufficient evidence of a defalcation."

The plaintiff brought a pro se action in the Superior Court challenging this dismissal. On a motion for judgment on the pleadings, a judge of the Superior Court correctly construed the complaint as seeking review of the administrative action in the nature of certiorari but ruled that "it cannot be said that the board's decision was arbitrary and capricious" and, thus, allowed the board's motion insofar as the complaint sought to review the merits of the board's action. The complaint also raised an equal protection claim, which another judge dismissed on summary judgment. The plaintiff appeals from the judgment of the Superior Court entered on these rulings dismissing his complaint.[2]

1. *Abuse of discretion.* The administrative record shows that, contrary to the board's ruling, there was conclusive evidence of a defalcation by Jackson. The board had before it the record of the disciplinary action against Jackson in which it was

---

[1]The board was established by Rule 4:04 of the Supreme Judicial Court. Section 1 thereof, as amended, 428 Mass. 1301 (1998), states: "A Clients' Security Board (Board) shall be appointed by the full court. This Board shall consist of seven members of the Massachusetts bar to serve as public trustees to receive, hold, manage, and distribute the funds allocated to the Board from the annual fees assessed under subsection (1) of Rule 4:03. Such funds shall be held by the Board in trust and known as the Clients' Security Fund (Fund). The purpose of the Fund is to discharge, as far as practicable and in a reasonable manner, the collective professional responsibility of the members of the Massachusetts bar with respect to losses caused to the public by defalcations of members of the bar, acting either as attorneys or as fiduciaries (except to the extent to which they are bonded, or to the extent such losses are otherwise covered)."

[2]The notice of appeal makes it clear that, contrary to the board's argument, the plaintiff has appealed both the allowance of the motion on the pleadings and the motion for summary judgment.

established that he had failed to account for an unearned fee given to him by the plaintiff. The board's statement in its ruling that there was insufficient evidence of a defalcation is erroneous as a matter of law.

The board can derive no comfort from the fact that, under Supreme Judicial Court Rule 4:05, § 1, 365 Mass. 717 (1974), "[a]ll reimbursements shall be a matter of grace, not right, and no client, beneficiary, employer, organization, or other person shall have any right or interest in the Fund." Even though the board has broad discretion, it is directed to exercise that discretion on the basis of factors set forth in Supreme Judicial Court Rule 4:05, § 3, 365 Mass. 718-719 (1974), which states:

> "The Board, in determining in its discretion whether any application for reimbursement from the Fund shall be allowed, shall attempt in the public interest to establish fair, reasonable, and consistent principles for the allowance and rejection of claims in the circumstances existing from time to time, and shall consider the following matters and factors together with such other circumstances as the Board may deem appropriate and relevant:

> (1) The amounts available and likely to become available to the Fund for payment of claims; the size and number of claims likely to be presented in the future; the total amount of losses caused by defalcations of any one attorney or associated groups of attorneys; and the unreimbursed amounts of claims theretofore recognized by the Board as meriting reimbursement but for which complete reimbursement has not been made.

> (2) The amount of the claimant's loss as compared with the amount of the then known losses sustained by other applicants who may merit reimbursement from the Fund; the degree of hardship suffered by the claimant as compared with that suffered by other applicants; and any negligence or conduct of the claimant which may have contributed to the loss."

The board did not proceed on the basis that, although it had conclusive evidence of a defalcation, it should nevertheless deny an award in the exercise of its discretion. It never brought

to bear its power to make a discretionary award, based upon the factors stated in Supreme Judicial Court Rule 4:05, § 3(1)-(2). Instead it acted on a plainly erroneous premise that there was no evidence to support an exercise of discretion in favor of the plaintiff. Where the factual premise on which an agency purports to exercise discretion is not supported by the record, its action is arbitrary and capricious and based upon an error of law, and cannot stand. *Ballarin, Inc.* v. *Licensing Bd. of Boston,* 49 Mass. App. Ct. 506, 511-512 (2000).

Where there is a clear error of law evident on the record, the action of the board in denying the claim is subject to correction in an action in the nature of certiorari. *MacHenry* v. *Civil Serv. Commn.,* 40 Mass. App. Ct. 632, 634 (1996). *FIC Homes of Blackstone Inc.* v. *Conservation Commn. of Blackstone,* 41 Mass. App. Ct. 681, 684-685 (1996). The claim for compensation must be remanded to the board for further action consistent with this opinion. *Doe* v. *Attorney Gen.,* 430 Mass. 155, 158 (1999).[3]

2. *Equal protection.* The plaintiff alleged in his complaint that he received unequal treatment, because he was a convicted felon serving a life sentence. Another judge allowed the board's motion for summary judgment on the equal protection claim on the ground that, on the undisputed material facts, the plaintiff had no reasonable expectation of proving that the board engaged in clear and intentional discrimination. There was no error. Not only did the plaintiff fail to provide the court with any affidavits or other appropriate materials in support of his claim that he was discriminated against because of his status as a prisoner serving a life sentence, but the board supplied an affidavit showing that other claims of prisoners had been allowed.

The judgment dismissing the equal protection claim is affirmed. The judgment dismissing the claim in the nature of certiorari is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[3]The board may exercise its discretion to allow or deny the claim based on the principles stated herein.