Kern, Leila R., J.
This certiorari action arises out of disciplinary proceedings that took place in October of 2010 against the plaintiff, Jason Copson. The matter before this court is defendants’ Motion to Dismiss. For the reasons contained herein, the motion is DENIED.
DISCUSSION
1. Statute of Limitations a. M.G.L.c. 249, §4
Certiorari actions are limited by a 60-day statute of limitations. M.G.L.c. 249, §4 (2007) (“Such action shall be commenced within sixty days next after the proceeding complained of’). Generally, the statute of limitations will begin to run when the last administrative action has taken place. Comm. for Pub. Counsel Servs. v. Lookner, 47 Mass.App.Ct. 833, 835 (1999). At the very latest the statute of limitations will begin to run upon notice of the last administrative action. Id. It is important to trigger the statute of limitations upon notice of the administrative action because otherwise such notification could be intentionally delayed to shorten the period for appeal. See also Tibbs v. Dipalo, 11 Mass.App.Ct. 589 (2000). Therefore, Copson’s time to file a certiorari action began tolling on November 1, 2010, when he received notice of the denial of his appeal. By filing his petition on January 3, 2011, Copson was within the 60-day statute of limitations.[2]
2. Service of Process
Service was proper on all defendants pursuant to Mass.R.Civ.P 4(d)(1). Copson served all three defendants by certified mail addressed to each of them at MCI-Concord. While the Docket Sheet may indicate that it was defendants’ counsel that was served, rather than the defendants themselves, the Service Return Receipts indicate otherwise. The original, signed receipts of service prove that an agent for each defendant received and signed for the summons and the complaint. According to Mass.R.Civ.P. 4, service shall be made “by delivering a copy of the summons and of the complaint to an agent . . .” Mass.R.Civ.P. 4(d)(1). Therefore, service was proper.
ORDER
For the foregoing reasons, it is hereby ORDERED, that defendants’ Motion to Dismiss is DENIED.

defendants rely on case law that is distinguishable from the case at hand. In Pidge, the plaintiff did not file his action until two months after the tolling of the 60-day statute of limitations. Pidge v. Superintendent, Mass. Corr. Inst., Cedar Junction, 32 Mass.App.Ct. 14, 18 (1992). In McClellan, the plaintiff did not file his action until almost a year after the last administrative action had been taken. McClellan v. Commissioner of Corr., 29 Mass.App.Ct. 933, 934 (1990). Copson was, according to defendants, only a few days late in filing his complaint. Under the holding in Lookner, Copson was not late in filing his complaint. Lookner, 47 Mass.App.Ct. at 835. Additionally, in Lookner, the plaintiff was an attorney, who was not incarcerated and had more knowledge and access to information than any prisoner. Copson is representing himself and has considerably less knowledge and access to information than an attorney. Finally, it may be necessary to consider whether the 60-day statute of limitations is hostile to plaintiffs properly asserted federal right. Pidge, 32 Mass.App.Ct. at 18.