Wilkins, Douglas H., J.
The plaintiff, Jeffrey Cicero (“Cicero”) brought this action in the nature of certiorari challenging an order of the Worcester District Court upholding the local police chiefs decision to revoke Cicero’s license to carry a firearm. The defendant is the Worcester Licensing Authority (later amended with leave of court to name Worcester Chief of Police, Gary J. Gemme as defendant). Cicero seeks an order under G.L.c. 140, §131, which provides that the Court, “(a]fter a hearing, may direct that a license be issued or reinstated to the petitioner if such justice finds there was no reasonable ground for denying, suspending, or revoking such license and that the petitioner is not prohibited by law from possessing same.” See G.L.c. 140, § 131 (f).
The defendant has filed a “Respondent Worcester LTC Licensing Authority’s Motion to Dismiss,” asserting three grounds for dismissal: (1) failure to file the complaint within the 60-day deadline set forth in G.L.c. 249, §4, (2) failure of the complaint to state a claim upon which relief can be granted and (3) misnomer of the defendant. Only the first argument need be addressed.[1]
The challenged decision of the Worcester District Court was dated June 27, 2011. It upheld Chief Gemme’s decision to suspend and revoke Cicero’s license to carry under G.L.c. 140, §131. In judicial review under that statute, “(t]he burden is on the (petitioner] to produce substantial evidence that he is a proper person to hold a license to carry a firearm.” G.L.c. 140, §131. See Chief of Police of Shelburne v. Moyer, 16 Mass.App.Ct. 543, 546 (1983). The petitioner must demonstrate that the Chief had no reasonable ground to revoke his license or that revocation was otherwise arbitrary, capricious or an abuse of discretion. See G.L.c. 140, §131(f). Since there is no statutory avenue of appeal from the District Court’s decision, the plaintiffs remedy is an action in the nature of certiorari under G.L.c. 249, §4.
Such an action “shall be commenced within sixty days next after the proceeding complained of.” Id. “Failure to do so is such a ‘serious misstep’ that such an action must be dismissed when not timely filed ...” Pidge v. Superintendent, Mass. Correctional Inst. Cedar Junction, 32 Mass.A.pp.Ct. 14, 17-18 (1992). There is no question here that the District Court’s order affirming the police chiefs decision concluded “the proceeding complained of.”
Sixty days from the District Court’s order of June 27, 2011 ended on August 26, 2011. The plaintiff brought this action on September 6, 2011. That was 11 days too late. The fact that the plaintiff did not receive the District Court’s decision until later (he asserts that the District Court’s letter was postmarked July 14, 2011) does not make this action timely, because the 60-day period in G.L.c. 249, §4, runs from the date on which the underlying proceeding terminates, not the day on which the decision was received. Committee for Public Counsel Services v. Lookner, 47 Mass.App.Ct. 833, 836 (1999). Since the 60-day period is set by statute and is jurisdictional, the Court has no authority to allow late filing. It follows that the defendant’s motion to dismiss for lack of jurisdiction must be allowed.
CONCLUSION
For the above reasons, the Respondent Worcester LTC Licensing Authority’s Motion to Dismiss is ALLOWED. Final judgment shall enter dismissing the complaint for lack of jurisdiction due to untimely filing.

Argument (2) is premature, since the defendant has not filed the administrative record and the complaint may be constmed to allege lack of substantial evidence — a claim that *337 can only be assessed by reviewing the record. Argument (3) is moot, as the Court has allowed the plaintiffs motion to amend the complaint to name the Police Chief as a defendant.