NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-178

GARY MOODY

vs.

MASSACHUSETTS PAROLE BOARD & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The pro se plaintiff, who has been incarcerated since 1978 as a result of his convictions of rape, unarmed robbery, assault with intent to murder, and assault and battery with a dangerous weapon, has appeared before the Massachusetts Parole Board (board) seven times. After his most recent appearance, in 2019, the board again denied his request for parole; it likewise denied his administrative appeal of that decision. This appeal stems from the November 2021 order of a Superior Court judge and ensuing judgment dismissing his action in the nature of certiorari seeking review of the board's decision. Because we

---

[1] Gloriann Moroney, Charlene Bonner, Sheila Dupre, Tina Hurley, Tonomey Coleman, and Colette Santa, all in their capacities as members of the Massachusetts Parole Board. For the sake of convenience, we refer to the defendants collectively as "the board."

conclude that the plaintiff's action was not filed within the time limit set forth in G. L. c. 249, § 4, and further, because we discern no abuse of discretion in the judge's dismissal of the plaintiff's complaint pursuant to Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988), we affirm.

Background.  We summarize the undisputed procedural history of the case, reserving certain facts for later discussion.  On December 16, 2019, after a hearing, the board determined that the plaintiff was not a suitable candidate for parole.  The plaintiff filed an administrative appeal of that decision; the board denied the plaintiff's appeal on February 27, 2020, and Moody received notice of the decision on February 28, 2020, thereby triggering the sixty-day deadline under G. L. c. 249, § 4, for the plaintiff to file an action in the nature of certiorari.  See G. L. c. 249, § 4.  That deadline was tolled by the Supreme Judicial Court's (SJC) "Second Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic (emergency order)"[2] until August 11, 2020.

---

[2] The emergency order provided, in relevant part,

> "All civil statutes of limitations are tolled from March 17, 2020, through June 30, 2020, when the tolling period shall end . . . The new date for the expiration of a statute of limitation is calculated as follows:  determine how many days remained as of March 17, 2020, until the statute of limitation would have expired, and that same

2

The plaintiff filed his original complaint seeking certiorari review of the board's decision on August 31, 2020, along with a motion for leave to file that complaint late, and motions to waive filing fees and "normal costs" of litigation and to proceed in forma pauperis.[3]  He did not serve either that complaint or the motion for waiver of fees on the board.

_____

number of days will remain as of July 1, 2020 in civil cases and as of September 1, 2020 in criminal cases.  For example, if fourteen (14) days remained as of March 17 before the statute of limitation would have expired in a civil case, then fourteen (14) days will continue to remain as of July 1, before the statute of limitation expires (i.e., July 15), and if fourteen (14) days remained as of March 17 before the statute of limitation would have expired in a criminal case, then fourteen (14) days will continue to remain as of September 1, before the statute of limitation expires (i.e., September 15)."

Second Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, No. OE-144 (May 26, 2020), https://www.mass.gov/doc/repealed-sjc-second-updated-order-regarding-court-operations-under-the-exigent-circumstances/download [https://perma.cc/UYT3-U4KP].  Although the court issued subsequent orders addressing court operations during the pandemic, the tolling provision at issue here was not extended.  See Third Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, No. OE-144 (June 24, 2020), https://www.mass.gov/doc/repealed-sjc-third-updated-order-regarding-court-operations-under-the-exigent-circumstances/download [https://perma.cc/5K7R-27AT].
[3] These motions were accompanied by the plaintiff's request for a waiver of "the filing fees and (normal) costs" of the action, which included the costs for the issuance of summonses as "fees and related costs for service of process."  Reade v. Secretary of the Commonwealth, 472 Mass. 573, 576 n.6 (2015), cert. denied, 578 U.S. 946 (2016), quoting G. L. c. 261, § 27A.

The judge took no action on the plaintiff's motion to file his complaint late, but on December 16, 2020, allowed the plaintiff's motion for waiver of litigation costs insofar as she reduced the required filing fee to $200, payable by January 29, 2021. Otherwise, the judge denied the motion for waiver of costs. The plaintiff made prompt efforts to ensure that the filing fee was released from his prison account and was able to pay the $200 on February 2, 2021.

Notwithstanding the court's denial of his motion for waiver of the "normal costs" of litigation, however, the plaintiff did not seek issuance of the summonses required to complete service until March 22, 2021.

The plaintiff filed an amended complaint on May 6, 2021, serving it on the board as required. On August 5, 2021, the board filed its motion to dismiss the action under Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988) (rule 4 [j]), and Mass. R. Civ. P. 12 (b) (5), 365 Mass. 754 (1974); the board also argued that the plaintiff's original complaint was untimely under G. L. c. 249, § 4. The plaintiff opposed the motion and, after a hearing, the judge allowed the board's motion "essentially for the reasons stated in the [board]'s memorandum."

Discussion. 1. Dismissal under G. L. c. 249, § 4. Reviewing the question de novo, see Crocker v. Townsend Oil Co.,

4

464 Mass. 1, 5 (2012), we conclude that the plaintiff's amended complaint was properly dismissed as untimely. See G. L. c. 249, § 4. "Actions in the nature of certiorari under G. L. c. 249, § 4, must be commenced within sixty days after the conclusion of the proceeding being challenged," on pain of dismissal. Committee for Pub. Counsel Servs. v. Lookner, 47 Mass. App. Ct. 833, 835 (1999). See Pidge v. Superintendent, Mass. Correctional Inst., Cedar Junction, 32 Mass. App. Ct. 14, 17-18 (1992). Here, as the plaintiff candidly acknowledges, his original complaint was not filed within the statutory time limit, even as tolled by the SJC's emergency order. As a result, even assuming that the amended complaint related back to the original pleading, see Mass. R. Civ. P. 15 (c), 365 Mass. 761 (1974), it, too, was untimely under G. L. c. 249, § 4. Given the clear and mandatory language of the statute, the judge was constrained to dismiss the action as untimely.

2. Dismissal under rule 4 (j). We conclude not only that the action was properly dismissed based on the plaintiff's failure to file his complaint timely, but also we discern no abuse of discretion in the judge's alternative basis for dismissal of the action -- the plaintiff's failure to serve the board with his original complaint within the time permitted under rule 4 (j). See Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 952-953 (1991).

5

Under rule 4 (a), the plaintiff was required to serve the board with both a copy of his complaint and a summons "procured . . . from the clerk." Mass. R. Civ. P. 4 (a), 365 Mass. 733 (1974). Under rule 4 (j), "[i]f a service of the summons and complaint is not made upon a defendant within [ninety] days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice." Mass. R. Civ. P. 4 (j). "'Good cause' has been defined as 'a stringent standard requiring diligen[t]' albeit unsuccessful effort to complete service within the period prescribed by the rule." Shuman, 30 Mass. App. Ct. at 953, quoting Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D. La. 1985). See Nett v. Bellucci, 437 Mass. 630, 640 n.8 (2002). "The focus of the court's inquiry [as to good cause] is the reasonableness and diligence of counsel's effort to effect service within the time required." Commissioner of Revenue v. Carrigan, 45 Mass. App. Ct. 309, 312 (1998), quoting Shuman, supra.

It is undisputed that the plaintiff's original complaint was not served within ninety days of the filing of his complaint; accordingly, he bears the burden of demonstrating good cause for his failure to do so. His arguments in this regard are, as they were in the trial court, that (1) his

6

failure to make timely service of the complaint was occasioned by delays in the judge's action on his motion for waiver of fees and costs, and his mistaken belief that the trial court would provide him with the necessary summonses in response to his payment of the reduced filing fee ordered by the judge, and (2) the time for service under rule 4 (j) began to run only once the trial court issued the summonses and tracking order in the case.

Although we acknowledge the challenges inherent in the plaintiff's efforts to litigate this matter as a self-represented inmate during the early months of the pandemic, we are not persuaded that the judge abused her discretion to the extent she rejected the plaintiff's argument that he made diligent efforts to serve the board. The judge's denial of his motion for waiver of "ordinary costs" of the litigation in December 2020 put the plaintiff on notice as of that date of his obligation to send the required fee to the court to obtain the summonses he required. He did not, however, request those summonses until March 2021, approximately three months after the judge's ruling; moreover, even after he received the summonses, he did not use them.[4] Instead, he waited until June 2021 to

_____

[4] Nor did the plaintiff seek any extension of time for service. See Mass. R. Civ. P. 6 (b) (2), 365 Mass. 747 (1974) (providing that "[w]hen by these rules . . . an act is required or allowed to be done at or within a specified time," trial court may "in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure

7

serve the board with an amended complaint filed over a month before. The judge acted within her discretion in reaching her conclusion, albeit implicitly, that the plaintiff's efforts at service were not sufficiently diligent or reasonable to amount to "good cause." See Shuman, 30 Mass. App. Ct. at 953.

The plaintiff's second argument appears to stem from a misunderstanding of the import of the judge's order and a misreading of the language of rule 4 (j). Neither simple oversight nor an ignorance of the applicable law amounts to "good cause" in this context. See Gath v. M/A-COM, Inc., 440 Mass. 482, 497 (2003) (party's neglect excusable only where shown "not [to be] due simply to [his] own carelessness"); Christian Book Distribs., Inc. v. Wallace, 53 Mass. App. Ct. 905, 906 (2001) (ignorance of law not "excusable neglect" justifying relief under Mass. R. Civ. P. 6 [b], 365 Mass. 747 [1974]); Tai v. Boston, 45 Mass. App. Ct. 220, 222-223 (1998) (mere oversight does not constitute excusable neglect). Cf. Carrigan, 45 Mass. App. Ct. at 314 n.5 (showing of excusable neglect for rule 6 [b] time extension does not relieve plaintiff of rule 4 [j] requirement of showing good cause). The judge

_____

to act was the result of excusable neglect"). See also Carrigan, 45 Mass. App. Ct. at 312, quoting Burks v. Griffith, 100 F.R.D. 491, 492 (N.D.N.Y. 1984) (despite requirement that rule 4 [j] be strictly construed, "its execution is not unduly harsh due to the liberal extension of time allowances permitted under [r]ule 6 [b]").

8

was, accordingly, within her discretion in concluding that the original complaint was subject to dismissal under rule 4 (j). While that dismissal would have been, as the board concedes, without prejudice, as we have already discussed, the amended complaint was not filed within the time allowed under G. L. c. 249, § 4, and was therefore time-barred.  The dismissal of the amended complaint was therefore proper.  See Hull v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 26-27 & n.10 (1992).

> Judgment of dismissal affirmed.
>
> By the Court (Vuono, Hand & Hodgens, JJ.[5]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  May 30, 2023.

---

[5] The panelists are listed in order of seniority.