NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1269
23-P-1270

LAURA JUTTE

vs.

CHIEF OF POLICE OF AGAWAM & another[1] (and a companion case[2]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Laura Jutte and Michael Hutchison, each submitted applications for licenses to carry firearms to the Agawam chief of police.  The chief denied both applications concluding that the plaintiffs were unsuitable to be issued licenses to carry.  The plaintiffs appealed.  At a joint evidentiary hearing in the District Court, the chief submitted documentary evidence, without objection, including the denial letters issued to both plaintiffs.  Regarding Jutte, the chief submitted police reports from the Agawam and Hubbardston police

_____

[1] Westfield District Court.

[2] Michael Hutchison vs. Chief of Police of Agawam & another.

departments, and a copy of her criminal history report. As to Hutchison, the chief submitted police reports from the Agawam, Holden, Hubbardston, Athol, Westfield, and Orange police departments, and a copy of a G. L. c. 209A abuse prevention order issued against Hutchison, with supporting affidavit. Jutte and Hutchison testified. The judge denied the plaintiffs' petitions. Thereafter the plaintiffs filed complaints for certiorari (complaints) in the Superior Court pursuant to G. L. c. 249, § 4, and motions for judgment on the pleadings. Two different Superior Court judges denied the motions, affirmed the judgment of the District Court, and dismissed the complaints. The plaintiffs' motions for relief from judgment were also denied. This appeal followed. We affirm.

Timeliness of complaints. On appeal, the plaintiffs contend that the Superior Court judges abused their discretion in dismissing the complaints as untimely. We are not persuaded. Under G. L. c. 249, § 4, an action for certiorari review must "be commenced within sixty days next after the proceeding complained of." Here, the proceeding complained of was the District Court hearing that lead to the judge's denials of the petitions by a judgment docketed in each case on December 9, 2021. Thus, the statute of limitations began to run the first day after the conclusion of the underlying cases, here, December

10, 2021.  See Committee for Pub. Counsel Servs. v. Lookner, 47
Mass. App. Ct. 833, 835 (1999).  Accordingly, the complaints had
to be filed on or before February 7, 2022, but they were filed
one day late, on February 8, 2022.

The plaintiffs argue that their complaints were timely in
the Superior Court, and any error was "clerical."  While it
appears uncontested that the plaintiffs mailed the complaints on
February 2, 2022, they did so by regular first-class mail.
However, under Mass. R. Civ. P. 3, as appearing in 488 Mass.
1401 (2021), to commence a civil action by mail, the plaintiffs
were required to send the complaints "by certified or registered
mail."  See Finkel v. Natale Rota, Inc., 19 Mass. App. Ct. 55,
56 n.2 (1984).  This they did not do, and as a result, the
complaints were not timely.

The merits.  Notwithstanding the late filing of the
complaints, we briefly address the merits of the plaintiffs'
appeals.  "The standard of review in an action in the nature of
certiorari is 'to correct substantial errors of law apparent on
the record adversely affecting material rights.'"  MacHenry v.
Civil Serv. Comm'n, 40 Mass. App. Ct. 632, 634 (1996), quoting
Commissioners of Civ. Serv. v. Municipal Court of Boston, 369
Mass. 84, 90 (1975).  In a certiorari case, the court is not
authorized to weigh evidence, find facts, exercise discretion,

or substitute its judgment for that of the decision-making body, but is limited to correcting errors of law. See Police Comm'r of Boston v. Robinson, 47 Mass. App. Ct. 767, 770 (1999).

The "suitable person" standard that applied when the chief, the District Court judge, and the Superior Court judges were making their decisions vested in the chief broad discretion or "considerable latitude." Ruggiero v. Police Comm'r of Boston, 18 Mass. App. Ct. 256, 259 (1984). See G. L. c. 140, § 131 (d) and (f), as amended by St. 2018, c. 123, §§ 11, 12, and St. 2022, c. 175, §§ 4-17A.[3] To direct that a license to carry firearms be issued over the chief's denial, a judge must have "f[ound] that there was no reasonable ground for denying . . . the license." G. L. c. 140, § 131 (f). See Godfrey v. Chief of Police of Wellesley, 35 Mass. App. Ct. 42, 46 (1993). To warrant such a finding, "it must be shown that the refusal [to grant the license] was arbitrary, capricious, or an abuse of discretion." Chief of Police of Shelburne v. Moyer, 16 Mass. App. Ct. 543, 546 (1983). The burden of making the showing was on the applicant. Id.

---

[3] A law rewriting many statutes that comprise our firearm licensing scheme went into effect after oral argument in this case. The suitable person standard is now found in G. L. c. 140, § 121F (k), inserted by St. 2024, c. 135, § 32, and G. L. c. 140, § 131 (d), as amended by St. 2024, c. 135, § 49. Nothing about the restructuring impacts our decision.

4

Jutte's case.  In denying Jutte's application, the chief cited a criminal charge that was filed against her for assault and battery on a family or household member (and ultimately dismissed), a welfare check for a report of self-harm resulting in the police transporting Jutte to a hospital for evaluation, and two police calls for "report[s] of two parties arguing" that did not result in arrests.  Jutte has not met her burden.  She had four separate encounters with police between 2012 and 2019, one of which included a threat of self-harm.  Given this, coupled with Jutte's documented history of conduct that resulted in police responding to domestic disturbances, we cannot conclude that the chief's decision to deny her application to carry firearms was arbitrary, capricious, or an abuse of discretion.  That the criminal charge did not result in conviction and not every police encounter resulted in arrest is of no moment as the chief could consider the basis for the police responses in the context of the entirety of Jutte's application.  See Chief of Police of Worcester v. Holden, 470 Mass. 845, 856 (2015); Nichols v. Chief of Police of Natick, 94 Mass. App. Ct. 739, 745 (2019).

Hutchison's case.  In denying Hutchison's application, the chief cited Hutchison's criminal history that included two G. L. c. 209A abuse prevention orders issued to two different women,

5

criminal charges for breaking and entering, assault and battery (four cases), assault and battery in violation of an abuse prevention order, and disorderly conduct involving a violent road rage incident.[4]  Hutchison has not met his burden.  He has a demonstrated pattern of conduct over a sixteen-year period, the most recent incidents occurring in 2018 and 2019.  Given his history of arrests for violent crimes, many against women, coupled with a troubling road rage incident, we cannot conclude that the chief's decision to deny Hutchison's application to carry firearms was arbitrary, capricious, or an abuse of discretion.  That the charges did not result in convictions is of no moment as the chief could consider the basis for these charges in the context of the entirety of Hutchison's application.  See Nichols, 94 Mass. App. Ct. at 745.

We therefore conclude that the District Court judge did not err in affirming the chief's decisions, and the Superior Court

_____

[4] The disposition of the criminal cases included continuations without a finding, dismissals, a not guilty verdict, and nolle prosequis.

6

judges did not err in dismissing the complaints for certiorari. In each appeal, the judgment is affirmed.

<u>So ordered</u>.

By the Court (Blake, Walsh & Hodgens, JJ.[5]),

Paul Little

Clerk

Entered:  October 8, 2024.

---

[5] The panelists are listed in order of seniority.