ELAINE SCALTRETO vs. JAMES G. SHEA & others.

Middlesex.   December 7, 1966. — February 13, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Insurance*, Motor vehicle liability insurance.   *Evidence*, Presumptions and burden of proof.

In a suit in equity to reach and apply the obligation of the insurer under a motor vehicle liability insurance policy in satisfaction of a judgment recovered by the plaintiff for personal injuries sustained through the operation of the named insured's automobile by another person, the burden was on the insurer to rebut the presumption created by G. L. c. 231, § 85C, that the operator of the automobile was using it with the express or implied consent of the named insured.   [64]

Evidence in a suit in equity required a finding that the owner of an automobile insured under a motor vehicle liability insurance policy did not expressly or impliedly consent to operation of the automobile by her young cousin, who did not have a driver's license, on an occasion when, after having had duplicate keys to the automobile made without her knowledge, he took it from a place some distance from their home, where she had parked it while at work, to go to a baseball game and was in an accident while driving it, even though she had permitted him to operate the automobile on "many occasions to turn about in the street in front of their home in washing or doing repairs on it."   [64–65]

BILL IN EQUITY filed in the Probate Court for the county of Middlesex on June 22, 1964.

Upon transfer to the Superior Court the suit was heard by *Tomasello, J.*

*Alfred E. LoPresti* (*Paul J. Donaher* with him) for The Factory Mutual Liability Insurance Company of America.

*Edward M. Ginsburg* for the plaintiff.

REARDON, J.   The plaintiff's bill was brought to reach and apply the proceeds of a liability insurance policy issued by the defendant, The Factory Mutual Liability Insurance Company of America, covering an automobile owned by the defendant Priscilla A. Gillis.   The plaintiff had previously recovered a judgment against the defendant Shea for per-

sonal injuries received as a result of the operation of the Gillis automobile by Shea. The court below ruled that Shea, at the time of the accident, was operating the automobile with the implied consent of Priscilla Gillis, that the defendant insurance company was obligated to pay the plaintiff the damages she recovered against Shea, and that she could reach and apply the proceeds of the policy to that end. A final decree was entered consonant with these rulings as against the defendant insurance company and dismissing the bill as against Shea and Priscilla Gillis. The defendant insurance company appeals. The trial judge filed a report of material facts.

The pertinent facts, as found by the judge, are as follows. Priscilla Gillis lived with Shea's family, who were relatives. She had given general permission to his father and three brothers to operate the car. She had two sets of keys which on many occasions were left on the table in the Shea home but she had lost one set sometime prior to the accident. Shea, a cousin, was regarded as a younger brother and was permitted to operate the car on "many occasions to turn about in the street in front of their home in washing or doing repairs on" it. It was the practice of Priscilla Gillis to drive her car some distance from her home, park it, and take the transit line to her place of employment with the defendant insurance company. The accident occurred when Shea, who was then sixteen years of age and unlicensed, using a set of car keys which he had had made without the knowledge of Priscilla Gillis, was operating the automobile after taking it from its parking place in order to go to a baseball game with some friends.

General Laws c. 231, § 85C, inserted by St. 1937, c. 439, § 1, states in part: "[I]t shall be presumed that at the time of . . . [an] accident or collision . . . [the] vehicle was being operated, maintained, controlled or used with the express or implied consent of the named person insured in such policy . . . and the absence of such consent shall be an affirmative defence to be set up in the answer and proved by the defendant." The answer of the defendant insurance

company in this case alleged that Shea at the time of the accident was operating Priscilla Gillis's automobile without her authority and without her express or implied consent. The policy issued to Priscilla Gillis by the insurance company covered in compliance with G. L. c. 90, § 34A, any person responsible for the operation of the insured's motor vehicle with her express or implied consent. The presumption of consent created by G. L. c. 231, § 85C, is rebuttable, and continues only until evidence has been introduced which would warrant a finding contrary to the presumed fact. *Potter* v. *John Bean Div. of Food Mach. & Chem. Corp.* 344 Mass. 420, 425 (n. 1). *Epstein* v. *Boston Housing Authy.* 317 Mass. 297, 302, and cases cited. *Jacquot* v. *Wm. Filene's Sons Co.* 337 Mass. 312, 316. To prevail in this suit the duty rested on the insurer to prove the nonexistence of consent. *Hurley* v. *Flanagan,* 313 Mass. 567, 572. In the light of these considerations we pass to a review of the evidence.

It was uncontradicted that Shea had duplicate keys made so that he might take Priscilla Gillis's car without her knowledge from the space where she parked it on the occasions of her trips to her employment, that he did not want her to know that he was using the car on those occasions, and that the keys were made without the knowledge of his parents. It was also uncontradicted that Shea was not permitted to use the car unless there was some licensed person with him except when he turned the car around to wash it in front of the house where he lived. Our view of the evidence thus leads us to the conclusion that it is clear that Shea at the time of the accident was not using the car with the express consent of the insured and that it is equally clear that there was no implied consent.

The plaintiff argues that the permission given on occasion by Priscilla Gillis to Shea to turn the car around in the street for purposes of washing it created a bailment continuing through the time when Shea took the car from the parking space prior to the accident. See *O'Roak* v. *Lloyds Cas. Co.* 285 Mass. 532, 537. However, the circumstances

in the present case sufficiently differ from those in the *O'Roak* case to cause us to decline to apply it here. In that case the bailee was permitted to take the car of the insured on the condition that he return it at a definite hour later in the same evening. Here Shea, by stealth, took the car without the owner's permission or knowledge on an occasion when it cannot be said that the car had been entrusted to him. We see nothing in the evidence to indicate that he was free to take the car when and where he wanted.

The decree is reversed and a new decree is to enter dismissing the bill as to all defendants.

*So ordered.*