NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

17-P-438                                      Appeals Court

   ROBERT D. TALMO  vs.  ZONING BOARD OF APPEALS OF FRAMINGHAM & others.[1]


No. 17-P-438.

Suffolk.     February 5, 2018. - July 24, 2018.

Present:  Green, C.J., Henry, & Singh, JJ.


Zoning, Person aggrieved.  Practice, Civil, Zoning appeal,
     Standing, Presumptions and burden of proof, Findings by
     judge.



     Civil action commenced in the Land Court Department on
March 9, 2011.

     The case was heard by Howard P. Speicher, J., and a motion
for a new trial was heard by him.


     Alan E. Lipkind for the plaintiff.
     Peter L. Mello (Christopher J. Petrini also present) for
zoning board of appeals of Framingham.

_____

     [1] Carleton J. Buckley and Heidi Pihl-Buckley.

HENRY, J. In this zoning appeal, we must decide whether the trial judge could determine sua sponte that a direct abutter's presumptive standing was rebutted where the defendants did not press the issue at trial. We conclude that the judge properly reached the question and affirm the judgment of dismissal.

Background. The defendants Carleton J. Buckley and Heidi Pihl-Buckley (collectively, the Buckleys) reside at 30 Nixon Road, Framingham, in a converted barn located on the same lot as Heidi's parents' single-family home.[2] The barn was constructed in 1971 and used as a horse stable and then as storage for Heidi's father's business. In the mid-1980s, the barn was converted into a residence without any permits authorizing the renovation. The Buckleys, who have owned the parcel since 2009, have resided in the converted barn since the mid- to late-1980s and reared their now-adult children there. In 2004, Heidi's father applied for a building permit to construct a twelve foot by twenty-four foot addition onto the barn to serve as a "great room." The permit was granted and the addition was built.

The plaintiff, Robert D. Talmo, owns 28 Nixon Road, which directly abuts the Buckleys' property. In 2009, Talmo sought

---

[2] We refer to Heidi Pihl-Buckley by her first name to avoid confusion.

zoning enforcement from Framingham's building commissioner (see G. L. c. 40A, § 7), requesting that the Buckleys be ordered to cease using the converted barn as a residence. The building commissioner denied the request, and Talmo appealed to the zoning board of appeals (the board). The board reversed the building commissioner's decision, and ordered him to take all action necessary to enforce Framingham's zoning by-law.[3]

Thereafter, the Buckleys filed an application for a building permit seeking to convert the barn into "additional living space for main house. Not to be used as a separate dwelling. Not to include permanent provisions for cooking." A permit issued on June 17, 2010.[4] The Buckleys then removed their stove and oven from the barn's kitchen and had the stove connection capped.

---

[3] The board found that the by-law was "ignored not only as to the construction of a second single family dwelling on one lot, but the location was used for commercial purposes." After the board's decision, the building commissioner informed the Buckleys that they would have to cease using the converted barn as a single-family dwelling, and instructed them to apply for a permit necessary to make the alterations required to achieve that goal. See Lord v. Zoning Bd. of Appeals of Somerset, 30 Mass. App. Ct. 226, 227-228 (1991) (G. L. c. 40A, § 7's ten-year limitations period for construction without a permit does not apply to use violations).

[4] Talmo received notice of the 2010 building permit through his attorney on July 29, 2010.

On October 18, 2010, Talmo initiated a second zoning enforcement action. The building commissioner again denied his request for relief, taking the position that the converted barn could no longer be considered a dwelling unit for purposes of the by-law because the cooking facilities had been removed, making the building a permissible "accessory use." Talmo appealed and the board denied Talmo relief. He appealed that decision to the Land Court.

The case was tried to a Land Court judge on December 8, 2015, and the judge took a view the next day. In his decision, the judge did not reach the substance of Talmo's argument that the board exceeded its authority in upholding the building commissioner's determination that the converted barn now qualifies as a permissible accessory use. Instead, he found that Talmo's presumed "aggrieved person" standing as a direct abutter to the Buckleys' property was rebutted by evidence presented at trial. See 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 700 (2012). The judge relied on Talmo's own testimony and evidence about the distance between Talmo's home and the converted barn and on partial screening of Talmo's view of the barn. Since Talmo offered no specific evidence of particularized harm in the face of this evidence, the judge found Talmo lacked standing and entered a judgment dismissing the case.

Talmo filed a motion for new trial. The judge allowed the motion in part, reopening the trial on the issue of standing. Talmo then offered evidence related to alleged contamination of his drinking water well, on the theory that the contamination was caused by the existence of a second septic system on the Buckleys' property. The judge found that Talmo's evidence was insufficient to show that he is aggrieved by the board's decision, and declined to alter the prior judgment. This appeal followed.

Discussion. 1. Rebuttal of presumption. "Under the Zoning Act, G. L. c. 40A, 'only a "person aggrieved" has standing to challenge a decision of a zoning board of appeals.' G. L. c. 40A, § 17." 81 Spooner Rd., 461 Mass. at 700. Abutters are, however, "entitled to a rebuttable presumption that they are 'aggrieved.'" Ibid. See G. L. c. 40A, §§ 11, 15, 17; Marotta v. Board of Appeals of Revere, 336 Mass. 199, 204 (1957); Watros v. Greater Lynn Mental Health & Retardation Assn., 421 Mass. 106, 110-111 (1995).

A rebuttable presumption "continues only until evidence has been introduced which would warrant a finding contrary to the presumed fact." Scaltreto v. Shea, 352 Mass. 62, 64 (1967). See Jacquot v. Wm. Filene's Sons Co., 337 Mass. 312, 316 (1958) (presumption favoring plaintiff disappeared based on her own testimony); Potter v. John Bean Div. of Food Mach. & Chem.

Corp., 344 Mass. 420, 425 n.1 (1962); Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 34 (2006); 81 Spooner Rd., 461 Mass. at 702.  Thus, in the zoning context, the standing "presumption recedes when a defendant challenges the plaintiff's status as an aggrieved person and offers evidence supporting his or her challenge."  Watros, 421 Mass. at 111.

Here, the judge found that Talmo's presumption of aggrievement was rebutted by evidence introduced by Talmo, amplified by the judge's view.  Although the defendants asserted lack of standing as an affirmative defense in their answers, they never claimed at trial that Talmo lacked standing, and Talmo argues that the judge was not permitted to reach the issue on his own.

Talmo's standing, however, was a "jurisdictional" prerequisite to proceeding with the case in the sense that his status as an aggrieved person is an essential prerequisite to judicial review.  See Watros, 421 Mass. at 107; 81 Spooner Rd., 461 Mass. at 700 n.12; Nickerson v. Zoning Bd. of Appeals, 53 Mass. App. Ct. 680, 681 n.2 (2002).  As such, it was properly reached by the judge sua sponte.  See Rental Property Mgmt. Servs. v. Hatcher, 479 Mass. 542, 547 (2018), quoting from Nature Church v. Assessors of Belchertown, 384 Mass. 811, 812 (1981) ("[W]henever a problem of subject matter jurisdiction becomes apparent to a court, the court has 'both the power and

the obligation' to resolve it, 'regardless [of] whether the issue is raised by the parties'").  See also Litton Bus. Sys., Inc. v. Commissioner of Rev., 383 Mass. 619, 622 (1981); Prudential-Bache Sec., Inc. v. Commissioner of Rev., 412 Mass. 243, 248 (1992).

There being no impediment to the judge's reaching the issue, his factual determination that the evidence warranted a finding contrary to the presumption is reviewed for clear error. See Murray v. Board of Appeals of Barnstable, 22 Mass. App. Ct. 473, 476 (1986).  We see no error here.  The judge found based on testimony, photographs admitted in evidence, and his view[5] that the converted barn is not in close proximity to, and cannot clearly be seen from, Talmo's house.  Specifically, the judge found that Talmo's house is located in excess of 250 feet from

---

[5] Whether to take a view is a matter within the discretion of the trial judge, and a view may be taken on the judge's own motion.  See Sargeant v. Traverse Building Trust, 267 Mass. 490, 495 (1929); Berlandi v. Commonwealth, 314 Mass. 424, 450-451 (1943).  "A view is not technically evidence and subject to all the principles applicable to evidence in the technical sense." Berlandi, 314 Mass. at 451.  Nevertheless, "it has been said that [a view] inevitably has the effect of evidence, and information properly acquired upon a view 'may properly be treated as evidence in the case.'"  Ibid., quoting from Keeney v. Ciborowski, 304 Mass. 371, 372 (1931) (citations omitted). To the extent the judge's factual findings were based in part on his view of the parties' respective parcels, there was no error. See Sargeant, 267 Mass. at 495 (finding no error where finding was based on conflicting oral testimony and on judge's view of locus).  See also Madden v. Boston Elev. Ry. Co., 284 Mass. 490, 494 (1933).

the Buckleys' converted barn, confirming Talmo's testimony as to the "substantial" distance between the two properties. The judge also found that trees, boulders, and other landscaping partially obscure the view of the barn from Talmo's property and that "[t]he distance between the two houses is great enough that it is virtually inconceivable that traffic, noise or light from the former barn, now occupied as a residence, could disturb or injure Talmo in the use of his property, and there was no evidence to suggest otherwise." The available evidence was sufficient to rebut the presumption of standing.

The case before us might be more difficult had Talmo not been given notice of the issue and an opportunity to introduce countervailing evidence of his aggrievement once the judge determined sua sponte that the presumption was rebutted. Certainly, the better practice would have been to alert the parties that the judge was concerned that Talmo's presumptive standing had receded in light of evidence presented at trial, and invite the parties to offer evidence and possibly briefing on the issue prior to the entry of judgment. However, where, as here, the judge reopened the trial as to the standing issue upon Talmo's motion, we see no procedural or factual error, nor abuse of discretion, in the judge's determination that the presumption was rebutted.

2.  Factual determination on reopened evidence.  Once the presumption of standing has been rebutted, whether an abutter qualifies as an aggrieved person "will be decided on the basis of all the evidence, with no benefit to the plaintiff from the presumption of aggrievement."  81 Spooner Rd., 461 Mass. at 701.  Thus, we now turn to the judge's finding, based on the evidence entered upon reopening the trial, that Talmo lacks aggrieved person status.  "In this context, standing becomes, then, essentially a question of fact for the trial judge," Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996), and the judge's determination will not be overturned unless clearly erroneous.  Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 119 (2011).

A person is "'aggrieved' if he suffers some infringement of his legal rights."  Marashlian, 421 Mass. at 721.  "The injury must be more than speculative," ibid., and also must be "special and different from the concerns of the rest of the community."  Standerwick, 447 Mass. at 33, quoting from Barvenik v. Board of Aldermen of Newton, 33 Mass. App. Ct. 129, 131, 132 (1992).  Kenner, 459 Mass. at 120 (plaintiffs had burden of showing they suffered "particularized injury" as result of alleged zoning infraction).  "Aggrievement requires a showing of more than

minimal or slightly appreciable harm."[6]  81 Spooner Rd., 461 Mass. at 700, quoting from Kenner, 459 Mass. at 121.

During the reopened trial, Talmo's sole basis for asserting particularized injury was alleged contamination of his drinking water well.[7]  The judge found, however, that the amount of nitrates and nitrites detected in Talmo's well was so far below the level of contamination permissible under Federal regulations that any contamination did not constitute a specific cognizable injury.  Moreover, even if there were an injurious level of contamination, the judge found that the evidence was insufficient to establish a nexus between that contamination and the septic systems on the Buckleys' property.[8]

---

[6] "The adverse effect on a plaintiff must be substantial enough to constitute actual aggrievement such that there can be no question that the plaintiff should be afforded the opportunity to seek a remedy.  To conclude otherwise would choke the courts with litigation over myriad zoning board decisions where individual plaintiffs have not been, objectively speaking, truly and measurably harmed."  Kenner, 459 Mass. at 122.

[7] "The right or interest asserted by a plaintiff claiming aggrievement must be one that G. L. c. 40A is intended to protect."  Kenner, 459 Mass. at 120.  We assume without deciding that contamination of Talmo's well caused by the dual septic systems, if proved, would constitute the requisite particularized injury to support standing.  Cf. Bertrand v. Board of Appeals of Bourne, 58 Mass. App. Ct. 912, 912 (2003) (abutters articulated density concerns related to noise, light, privacy, and environmental implications of two septic systems instead of one).

[8] Specifically, the judge found that the evidence was insufficient to show:  (i) that the septic systems on the Buckleys' land were inadequately separated from groundwater;

To prove aggrieved person status, the plaintiff in a zoning appeal "must put forth credible evidence to substantiate his allegations" of particularized or special injury, with "credible evidence" being comprised of both quantitative and qualitative components.  <u>Butler</u> v. <u>Waltham</u>, 63 Mass. App. Ct. 435, 441 (2005).  "Quantitatively, the evidence must provide specific factual support for each of the claims of particularized injury the plaintiff has made."  <u>Ibid</u>.  "Qualitatively, the evidence must be of a type on which a reasonable person could rely to conclude that the claimed injury likely will flow from the board's actions."  <u>Ibid</u>.  Having reviewed the record, we see no error in the judge's factual findings.  Here, where the measured level of contaminants was so low in comparison to Federal safety standards and evidence that any existing contamination could be traced to the Buckleys' property was lacking, Talmo's evidence of particularized injury fell short of the "credible evidence" standard.

<u>Judgment affirmed</u>.

---

(ii) that the groundwater flows from the Buckleys' land toward Talmo's well; or (iii) that several other potential sources of contamination, including Talmo's own septic system, could be ruled out as the cause of any harm to Talmo's well.