NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-1154                                          Appeals Court


  POBEDA RT II, LLC  vs.  ZONING BOARD OF APPEALS OF WATERTOWN &
                         another.[1]


                       No. 22-P-1154.

       Middlesex.     September 13, 2023. - May 31, 2024.

          Present:  Green, C.J., Desmond, & Hodgens, JJ.


Zoning, Board of appeals:  decision, Judicial review, Special
     permit, Person aggrieved.  Practice, Civil, Zoning appeal,
     Standing, Summary judgment.  Value.



     Civil action commenced in the Superior Court Department on
January 11, 2021.

     The case was heard by Cathleen E. Campbell, J., on a motion
for summary judgment.


     Michael W. Ford for the plaintiff.
     Mark Bobrowski for Cresset/WS Venture LLC.


     DESMOND, J.  The plaintiff, Pobeda RT II, LLC (Pobeda),

brought this action after the zoning board of appeals of

_____

     [1] Cresset/WS Venture LLC.

Watertown (board)[2] granted a special permit to Cresset/WS Venture LLC (Cresset) to build a three-story research and development facility.  A Superior Court judge entered summary judgment for the defendants on the ground that Pobeda lacked standing to challenge the board's decision.  Pobeda now appeals, and we affirm.

Background.  The following facts are undisputed.  The property that is the subject of the special permit is located at 202-204 Arsenal Street within an industrial zone in Watertown (subject property).  Pobeda owns three properties in a nearby residential neighborhood.  Pobeda is an abutter because one of its properties shares a lot line with the subject property.

In December 2020, the board approved Cresset's application for a special permit to develop a three-story, 88,572 square foot research and development facility on the subject property (project).[3]  Pobeda filed a complaint in the Superior Court under G. L. c. 40A, § 17, seeking judicial review of the board's decision to issue the special permit, asserting that the proposed project would "severely devalue[]" Pobeda's property interests.

---

[2] The board did not file a brief or appear at oral argument.

[3] The board's decision modified a special permit Cresset had obtained in 2014 to build a single-story, 33,157 square foot retail building on the subject property.

Cresset filed a motion for summary judgment, contending that Pobeda did not have standing to contest the board's decision. Pobeda opposed the motion, and after a hearing, a judge found that Pobeda had failed to provide credible evidence of aggrievement and ordered summary judgment to enter for Cresset. This appeal followed.

Discussion. 1. Standard of review. We review the Superior Court's summary judgment decision de novo. See Marhefka v. Zoning Bd. of Appeals of Sutton, 79 Mass. App. Ct. 515, 517 (2011). "To prevail on a motion for summary judgment, the moving party bears the burden of 'show[ing] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law' based on the undisputed facts." Premier Capital, LLC v. KMZ, Inc., 464 Mass. 467, 474 (2013), quoting Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). We view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. See 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 699 (2012).

2. Standing. "Under the Zoning Act, G. L. c. 40A, only a 'person aggrieved' has standing to challenge a decision of a zoning board of appeals." 81 Spooner Rd., LLC, 461 Mass. at 700, quoting G. L. c. 40A, § 17. An abutter, such as Pobeda, is entitled to a rebuttable presumption of aggrievement, Talmo v.

Zoning Bd. of Appeals of Framingham, 93 Mass. App. Ct. 626, 628 (2018), quoting 81 Spooner Rd., LLC, supra, which may be rebutted in either of two ways: (1) "by showing that, as a matter of law, the claims of aggrievement raised by an abutter, either in the complaint or during discovery, are not interests that the Zoning Act is intended to protect," or (2) "by coming forward with credible affirmative evidence that refutes the presumption." 81 Spooner Rd., LLC, supra at 702.

Pobeda's primary argument on appeal is that Cresset failed to rebut Pobeda's presumption of aggrievement with respect to Pobeda's claim of diminution of property value. Pobeda dismissively contends that "[u]nlike the expert affidavits [Cresset] employed to attack alternative bases of [aggrievement] [such as] noise, air quality, light and shadow," Cresset sought to rebut Pobeda's claim of property value diminution by "lean[ing] casually on a point of law."

The "point of law" Cresset relies upon, however, provides that diminution in property value is an insufficient basis for standing unless "it is 'derivative of or related to cognizable interests protected by the applicable zoning scheme.'" Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 123 (2011), quoting Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 31-32 (2006). By invoking this principle, Cresset seeks to rebut Pobeda's presumption of standing by establishing

that diminution of property value as alleged in this instance is not an interest that Watertown's zoning ordinance "intended to protect." See 81 Spooner Rd., LLC, 461 Mass. at 702.

In Kenner, 459 Mass. at 123-124, the Supreme Judicial Court considered whether diminution in property value, resulting from the construction of a new house that would partially obstruct the plaintiffs' ocean view, could serve as a legitimate basis for standing. The court emphasized that "[z]oning legislation 'is not designed for the preservation of the economic value of property, except in so far as that end is served by making the community a safe and healthy place in which to live'" (emphasis added; citation omitted). Id. at 123. The court explained that granting standing based on a claimed diminution in property value without a clear link to the zoning scheme's community-oriented protective interests, would sidestep the "rigorous standing requirements we have consistently recognized" (citations omitted). Id. at 124. In other words, it would allow an individual to challenge a zoning decision by asserting potential economic loss, even where an alleged decline in that individual's property value is not tied to an interest protected by the community's zoning scheme. See id. Because the Kenner plaintiffs' view of the ocean was not an interest protected by the town of Chatham's zoning bylaw, the court held that the

alleged diminution in value of the plaintiffs' property arising from the impaired view was not a basis for standing.  Id.

Here, to create the necessary link between Watertown's zoning ordinance and property value, Pobeda relies on § 1.00 of the ordinance, which states that the purpose of the ordinance "is declared to be the promotion of the public health, safety, convenience[,] and welfare" by, among other things, "conserving the value of land and buildings."  However, statements of legislative purpose "suggest standards for the exercise of discretion where such discretion is otherwise provided.  They are not themselves a source of discretion."  McCaffrey v. Board of Appeals of Ipswich, 4 Mass. App. Ct. 109, 112 (1976).  Pobeda points to no corresponding section of the ordinance that concerns property values.  Insofar as § 1.00 of the ordinance seeks to conserve property value, it does not do so to protect individual economic interests, but instead to serve the broader objectives of promoting public safety and health.  This prioritization of the collective well-being of the community over individual economic considerations is the very basis upon which the constitutionality of zoning legislation hinges.  See Tranfaglia v. Building Comm'r of Winchester, 306 Mass. 495, 503-504 (1940) (zoning legislation "not designed for the preservation of the economic value of property, except in so far as that end is served by making the community a safe and healthy

place in which to live . . .  [and] [i]t is upon [those] grounds that . . . zoning legislation has been held constitutional").  See also Opinion of the Justices, 234 Mass. 597, 611 (1920) (acknowledging that laws and ordinances promulgated pursuant to State's police power may lessen value of private property, but owners of such property are "compensated by the general benefit to the community of which he is a member").

The language in Watertown's zoning ordinance about "conserving the value of land and buildings" implicitly recognizes that property values can influence the overall health and stability of the community, and cites conservation of property values as one of several ways that it endeavors to achieve its community-oriented zoning purpose.  See McCaffrey, 4 Mass. App. Ct. at 112.  Because Pobeda has failed to establish how its property value diminution claim is tied to the

ordinance's broader public goals, the alleged diminution in value of Pobeda's property is not a basis for standing.[4,5]

Pobeda fairs no better to the extent it seeks to tether its claim to the portions of § 1.00 enumerating "encouraging the most appropriate use of land" and "reducing hazards from . . . other dangers" as additional means of promoting "the public health, safety, convenience[,] and welfare."  Pobeda asserts that these provisions are implicated by the "half-football field proximity [of Pobeda's property] to a glaringly visible 88,000 [square foot] biotechnology laboratory building:  the victim of the problematic collision of an industrial zone . . . with a residential zone."  However, § 5.05(k) of Watertown's zoning ordinance states that "[f]or all uses allowed by special permit" in an industrial zoning district, "no part of any structure when abutting a residential zoning district shall be closer than

---

[4] We note that the Chatham zoning bylaw at issue in Kenner included a provision stating that preservation of the value of land and buildings was among its purposes, and that the brief of the plaintiffs in that case called that provision to the attention of the Supreme Judicial Court.  See Nantucket Conservation Found., Inc. v. Russell Mgt., Inc., 2 Mass. App. Ct. 868, 868-869 (1974) (taking judicial notice of records of Supreme Judicial Court to refute defendant's attempt to distinguish certain cases).  There was no suggestion in the Kenner decision that such a clause, alone, gives rise to an individual's standing to challenge a zoning decision.

[5] We limit our holding to the facts of this case and leave the question of whether a plaintiff can ever succeed in showing that a zoning bylaw protects individual property values for another day.

[twenty-five] feet as measured perpendicular to the property line of said residential district."  Therefore, the "half-football field proximity" of the subject property to Pobeda's property is approximately six times longer than the twenty-five feet of distance between industrial structures and residential zones that the zoning ordinance protects.

Moreover, Pobeda's assertion that its property value diminution claim implicates the provision of the ordinance aimed at "reducing hazards from . . . other dangers" is undermined by the fact that Pobeda's concern is not rooted in any actual danger or harm to its properties, but rather is rooted to the public perception of the dangers of biolabs and its impact on Pobeda's property value.  This emphasis on diminution of property value rather than on the actual presence of a hazardous condition leaves Pobeda's speculative concerns untethered to the provision of the ordinance concerning the reduction of danger.

Cresset thus established that Pobeda had "no reasonable expectation of proving a legally cognizable injury."  81 Spooner Rd., LLC, 461 Mass. at 702.  See Standerwick, 447 Mass. at 35, citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991) ("In a summary judgment context, a defendant is not required to present affirmative evidence that refutes a plaintiff's basis for standing").  Therefore, the motion judge

properly concluded that Pobeda does not have standing to challenge the board's decision.[6]

<u>Judgment affirmed</u>.

---

[6] To the extent we did not address other arguments, they "have not been overlooked.  We find nothing in them that requires discussion."  <u>Commonwealth</u> v. <u>Domanski</u>, 332 Mass. 66, 78 (1954).